United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Julian Fernau, and others,<br>Plaintiffs, | )<br>)<br>) | |
| v. | )<br>) | Civil Action No. 18-20866-Civ-Scola |
| Enchante Beauty Products, Inc.<br>and others, Defendants. | )<br>)<br>) | |

### **Opinion Order Granting Motion to Set Aside Clerk's Default**

Before the Court is a motion to set aside Clerk's default by Defendant Raul Lamus ("Lamus"). (the "Motion," ECF No. 36.) The Plaintiffs oppose the Motion. (ECF No. 46.) Vigorously. The opposition brief sprawls over 20 pages, and recounts various attempts by the Plaintiffs and Lamus' former counsel to contact Lamus, (*id.* at pp. 2-4); summarizes the Motion in bullet point form, (*id.* 4-6); argues that Lamus' ten-day default was "intentional," "reckless," "willful[]," "disingenuous" and "culpable," (*id.* at pp. 7-10); submits that all Lamus' defenses are meritless, (*id.* at pp. 10-12); asserts that it is "absurd" to suggest that Lamus would be financially harmed by a default judgment, (*id.* at pp. 12); claims the Plaintiffs will be prejudiced if the default is lifted, (*id.* at pp. 12-13); and analyzes the legal authority cited in the Motion, ultimately concluding that none warrant a merits determination in this case, (*id.* at pp. 13-16.) An evidentiary hearing is also requested to enable the Plaintiffs to probe the extent that Lamus' willful disobedience caused his ten-day default. (*Id.* at pp. 16-17.) Having considered the parties' submission, the record in this case and the applicable law, the Court rejects all of the Plaintiffs' arguments and **grants** the Motion as follows.

"It is the general rule that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible." *Creative Tile Marketing, Inc. v. SICIS Int'l,* 922 F. Supp. 1534, 1536 (S.D. Fla. 1996) (Moore, J.). A court may set aside a clerk's default for good cause shown. Fed. R. Civ. P. 55(c); *see also Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion,* 88 F.3d 948, 951 (11th Cir. 1996). "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." *Compania Interamericana,* 88 F.3d at 951. To determine whether good cause exists, the Court considers (1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. *Id.*

Good cause exists to set aside clerk's default. First, Lamus' default was not culpable or willful. The record in this case indicates that Lamus moved to dismiss the initial complaint through different counsel. (ECF No. 17.) Thereafter, the Plaintiffs filed an amended pleading. (ECF No. 20.) Former counsel for Lamus was then permitted to withdraw as counsel of record. (ECF Nos. 28, 29.) Lamus, who lives abroad, was required to respond to the amended complaint within a week of that order. (ECF No. 29.) No response was filed by that date, and the Plaintiffs moved for Clerk's default the next day, which was granted and Clerk's default entered on October 15, 2018. (ECF Nos. 32, 33.) Ten days later, on October 25, 2018, current counsel appeared on behalf of Lamus and filed the Motion. (ECF Nos. 35, 36.)

Far from culpable or willful, these facts demonstrate that Lamus, as an unrepresented foreign defendant, acted with relative diligence in filing the Motion a mere thirteen days after his deadline to respond to the amended complaint, ten days after the entry of Clerk's default and three days after retaining new counsel. Notably, the Plaintiffs cite no case law finding otherwise (*see* ECF No. 46 at pp. 7-10) and their arguments in opposition are rejected.

Next, the Court finds that setting aside Clerk's default will not prejudice the Plaintiffs. "Relatively minor delays or increased litigation expense do not qualify as actual prejudice that would justify the denial of relief under Rule 55(c)." *Access for the Disabled, Inc. v. Milan Consulting, Inc.*, No. 12-62008-Civ, 2013 WL 322517, at *2 (S.D. Fla. Jan. 28, 2013) (Cohn, J.) The minor delay (*i.e.* thirteen days) in this case does not qualify as actual prejudice. Indeed, absent the Plaintiffs' fervent opposition to the Motion, this case would have proceeded long ago. And the suggestion that setting aside default will somehow "jeopardize any recovery for Plaintiffs," (ECF No. 46 at p. 13), puts the cart before the horse: The Plaintiffs must first establish a right to recovery—on the merits.

Finally, the Court finds that Lamus has satisfied the final prong of the "good cause" analysis. In the Motion, Lamus submits numerous factual and legal defenses, including that the Plaintiffs claims are barred by the applicable statute of limitations. For the purposes of vacating Clerk's default, Lamus has presented a "meritorious defense." *See Grupo Especializado de Servicios Aeros S de RL de CV v. VP Sales & Consulting, Inc.*, No. 16-cv-60937, 2016 WL 10953911, at *2 (S.D. Fla. June 30, 2016) (Scola, J.) (holding that parties moving to set aside Clerk's default need only make a "hint of suggestion" of a meritorious defense). The merits arguments raised in the Plaintiffs' opposition may be reasserted in connection with any later filed dispositive motions, provided these arguments are supported by case citation.

In sum, the Court **grants** the Motion (**ECF No. 36**) and **sets aside** the Clerk's default entered against Raul Lamus (**ECF No. 33**). In conformance with docket entry 44, Lamus' deadline to respond to the amended complaint is **February 18, 2019**.

**Done and ordered**, in Chambers, at Miami, Florida, on February 4, 2019.

Robert N. Scola, Jr.
United States District Judge