United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Julian Fernau and others, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 18-20866-Civ-Scola |
| ) | |
| Enchante Beauty Products, Inc. ) | |
| and others, Defendants. ) | |

### **Order Adopting Report and Recommendations**

This matter was referred to United States Magistrate Judge Chris M. McAliley for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters, consistent with 28 U.S.C. § 636 and Local Magistrate Judge Rule 1. (ECF No. 66.) Judge McAliley issued a Report and Recommendation regarding the Defendants' motion to dismiss, recommending that the Court grant the motion with prejudice. (ECF No. 129). According to the report, the Plaintiffs failed to allege the existence of a RICO enterprise that is distinct from the RICO defendants, and they failed to allege that the Defendants engaged in a pattern of racketeering activity. The report also concluded that the Plaintiffs failed to state a claim against the Defendant Maria Fernanda Rey because the allegations against her do not satisfy the heightened pleading requirements of Rule 9(b). The Plaintiffs Julian Fernau, Fernando Mateu, and Maria Dolores de Lucas subsequently objected to Judge McAliley's report (ECF No. 130) and the Defendants Enchante Beauty Products, Inc., Raul Lamus, and Maria Fernanda Rey responded to the objections (ECF No. 131). Having conducted a *de novo* review of the entire record and the applicable law, the Court **affirms and adopts** Judge McAliley's report (**ECF No. 129**) and **grants** the Defendants' motion to dismiss (**ECF No. 68**).

In their objections, the Plaintiffs argue that they sufficiently alleged that the RICO defendants engaged in a pattern of racketeering activity. (ECF No. 130 at 5.) The Plaintiffs further object to the report's recommendation that the Court dismiss the Plaintiff's claims for Florida and federal securities laws, common law fraud, and Florida RICO violations for failure to state a claim against Maria Fernanda Rey because their claims are based on fraud by omission, and therefore they cannot recount precise false statements as the basis of their fraud claims. (*Id.* at 2-3.) The Plaintiffs do not object to Judge McAliley's conclusion that the Plaintiffs have failed to adequately allege the existence of a RICO enterprise. The Court will examine each objection in turn.

First, the report properly concludes that the Plaintiffs failed to sufficiently allege that the Defendants engaged in a pattern of racketeering activity because there is no continuity. Successfully pleading that the Defendants engaged in a pattern of racketeering activity requires a showing of continuity. *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989). When considering allegations of closed-ended continuity, such as the ones here, the Court must determine if the Plaintiffs demonstrated "a series of related predicates extending over a substantial period of time." *Id.* at 241-42. In evaluating whether the acts occurred over a substantial period of time, "the Court may also consider the number of victims, number of racketeering acts, variety of racketeering acts, whether the injuries were distinct, complexity and size of the scheme, and nature or character of the enterprise or unlawful activity." *Magnifico v. Villanueva*, 783 F. Supp. 2d 1217, 1229 (S.D. Fla. 2011). Here, the relevant considerations weigh in favor of dismissal. The Plaintiffs allege three similar predicate acts that occurred over a nineteen-month period to carry out a single scheme that was neither complex nor large. There are only two unrelated purchasers that do not have distinct injuries. Therefore, the report properly concluded that the RICO claims should be dismissed with prejudice. *See Jackson v. Bellsouth Telecomms*, 372 F.3d 1250, 1267 (11th Cir. 2004) ("where the RICO allegations concern only a single scheme with a discrete goal, the courts have refused to find a closed-ended pattern of racketeering even when the scheme took place over longer periods of time."); *Efron v. Embassy Suites (P.R.), Inc.*, 223 F.3d 12, 18 (1st Cir. 2000) (noting that "the fact that a defendant has been involved in only one scheme with a singular objective and a closed group of targeted victims" supports the conclusion that there is no continuity).

Second, the report correctly decided that the Plaintiffs failed to state the fraud claims with particularity against the Defendant Maria Fernanda Rey. The Plaintiffs argue that their claims are based on fraud by omission, and therefore they cannot recount precise false statements as the basis of their fraud claims. (ECF No. 130 at 3-4.) However, the second amended complaint does not specify what omissions she made. It instead states that "Lamus and Rey" knew of the "poor financial performance" and "poor and deteriorating financial condition of Enchante," but did not disclose it to the Plaintiffs. (ECF No. 106 at ¶¶ 20, 22.) These allegations are insufficient to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). The Plaintiffs do not specify what Rey knew and failed to disclose about the "financial condition" or the "financial performance" of Enchante. Moreover, Rey's only alleged misrepresentation that she falsely "presented the success" of Enchante does not meet the 9(b) standard because we are left to guess at what it means. (ECF No. 106 at ¶¶ 42, 103, 139, 177.)

In sum, the Court **affirms and adopts** Magistrate Judge Chris M. McAliley's Report and Recommendation (**ECF No. 129**). The Court **grants** the Defendants' motion to dismiss (**ECF No. 115**) and dismisses Count X with prejudice against all defendants and dismisses Counts I, IV, VI, and VIII without prejudice against the Defendant Maria Fernanda Rey.

**Done and ordered** in chambers, at Miami, Florida, on October 17, 2019.

_____
Robert N. Scola, Jr.
United States District Judge