UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-20866-SCOLA/MCALILEY

JULIAN FERNAU, *et al.*,

  Plaintiffs,

v.

ENCHANTE BEAUTY PRODUCTS, INC., *et al.*,

  Defendants.
_____/

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS

Pending before the Court is Defendants' Consolidated Motion to Dismiss Third Amended Complaint. (ECF No. 140). The motion is fully briefed, (ECF Nos. 144–45), and the Honorable Robert N. Scola, Jr. has referred all pretrial matters to me, (ECF No. 66).[1] After a careful review, I recommend that the Court grant in part Defendants' motion and dismiss the third amended complaint without prejudice.

**I.   Background**

Unless stated otherwise, the facts in this background come from the third amended complaint. (ECF No. 138). The Court takes all well-pleaded facts as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In March 2018, Plaintiff Julian Fernau sued Defendants Enchante Beauty Products,

---

[1] Plaintiffs sought leave to file a sur-reply, (ECF No. 147), which I hereby deny. The proposed sur-reply is not confined to arguments that were presented for the first time in the reply. I have not considered the arguments in the proposed filing.

Inc. and Raul Lamus for violation of state and federal securities statutes and Florida's Civil Remedies for Criminal Practices Act, Fla. Stat. 772.101 *et seq.*, and for common law fraud. (ECF No. 1). Lamus is Enchante's chief executive officer and director. In September 2018, Plaintiffs Mateu and Maria Dolores de Lucas[2] joined the lawsuit, and the three filed the first amended complaint, which added as a Defendant Lamus's wife, Maria Fernanda Rey. (ECF No. 20). Plaintiffs did not serve Rey until the better part of a year later, in June 2019. (ECF No. 98). By agreement, Plaintiffs thereafter filed their second amended complaint. (ECF No. 106). As explained in more detail below, the Court dismissed that complaint, with leave to amend in part,[3] and thereafter Plaintiffs filed their third amended complaint, which is the complaint now before the Court.

In a nutshell, Plaintiffs claim that Lamus (through misrepresentations and omissions) and Rey (through omissions only) defrauded them into investing in Enchante. (*See, generally*, ECF No. 138). The Mateu Plaintiffs purchased $106,000 in Enchante securities—$100,000 in August 2015 and $6,000 in December 2015—and Fernau bought $62,500 in Enchante securities in 2017. (*Id.* at ¶¶ 11, 21, 24). Plaintiffs also allege that Lamus used certain documents to defraud them and acted on behalf of Enchante when he did so, and that Rey, when she sold the Mateu Plaintiffs the $6,000 of securities in December 2015, did not correct the statements her husband made in August 2015. (ECF

---

[2] Mateu and De Lucas are married, and they refer to themselves in the pleadings collectively as "Mateu." (ECF No. 138 at ¶ 9). I refer to them here as the Mateu Plaintiffs.

[3] Although Defendants filed motions to dismiss each of the complaints, the Court's ruling dismissing the second amended complaint, (ECF Nos. 129, 132), was the first time the Court adjudicated a motion to dismiss.

2

No. 138 at ¶¶ 17, 25, 31, 54, 71, 87, 110, 136, 151, 164, 187, 204, 220, 243, 256, 267).

In their motion to dismiss the second amended complaint, all Defendants moved to dismiss the Florida RICO claim, and Rey moved to dismiss the fraud claims against her. (ECF No. 115). Lamus and Enchante, however, did not move to dismiss the fraud claims against them. The Court dismissed the Florida RICO claim with prejudice and the fraud claims against Rey without prejudice. (ECF Nos. 129, 132). The Court found that Plaintiffs' allegations against Rey lacked the particularity required by Federal Rule of Civil Procedure 9(b) because they did not specify the "omissions she made" or "what Rey knew and failed to disclose about the 'financial condition' or the 'financial performance' of Enchante." (ECF No. 132 at 2).

Plaintiffs' latest pleading amends not just the fraud claims against Rey but all fraud claims. Plaintiffs did not first ask, as required by Federal Rule of Civil Procedure 15(a)(2), for leave to amend the fraud claims against Enchante and Lamus.

The third amended complaint's 13 counts raise five causes of actions: (1) rescission under § 517.211 of the Florida Securities and Investor Protection Act ("FSIPA"); (2) rescission under § 29(b) of the Securities Exchange Act of 1934 (the "Securities Act"); (3) securities fraud under § 517.301 of the FSIPA; (4) securities fraud under § 10(b) of the Securities Act and Rule 10b-5 promulgated thereunder; and (5) common law fraud. Plaintiffs premise the rescission claims on violations of the securities fraud statutes. (ECF No. 138 at ¶¶ 47, 67, 84, 107).

Defendants make three arguments in the motion to dismiss now before the Court. First, they ask the Court to disregard Plaintiffs' unauthorized amendment of the fraud

3

claims against Enchante and Lamus. Second, they argue Plaintiffs have not sufficiently alleged that they relied on any misrepresentation or omission. And third, they submit that Plaintiffs have not adequately alleged that Rey acted with the requisite scienter, because Plaintiffs again fail to explain what Rey knew about the company's affairs or her husband's representations.

Last, Plaintiffs ask the Court to dismiss this complaint with prejudice given the number of times Plaintiffs have amended their claims.

## II.   Analysis

### A.   *Although Plaintiffs violated Rule 15(a)(2), the Court should consider the third amended complaint.*

In all instances where a party cannot amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave when justice so requires." *Id.* Rule 15(a)(2) thus permits courts to disregard unauthorized amendments. But it also allows courts to grant leave to amend after-the-fact when it "would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change." *Hoover v. Blue Cross & Blue Shield of Alabama*, 855 F.2d 1538, 1544 (11th Cir. 1988) (quoting with approval Wright and Miller, *6 Federal Practice and Procedure* § 1485 at 421 (1971)). Allowing such an amendment furthers "the overall liberal amendment policy of rule 15(a) and the general desirability of minimizing needless formalities." *Id.*

Plaintiffs violated Rule 15(a)(2) when they amended the fraud claims against

4

Enchante and Lamus without consent or leave of court. The Court dismissed the fraud claims against Rey in response to her motion to dismiss, and it granted Plaintiffs leave to amend only the claims against Rey. *See, e.g., Vallina v. Mansiana Ocean Residences LLC*, No. 10-CV-21506, 2011 WL 11674441, at *4 (S.D. Fla. June 17, 2011). Contrary to what Plaintiffs suggest, (ECF No. 144 at 8–9), Rule 15(b) does not excuse parties from requesting leave when the amendment conforms to evidence gathered during discovery. Rule 15(b) authorizes a court to permit a party to amend their pleading during and after the trial, upon objection that the evidence presented at trial falls outside of the pleading. Fed. R. Civ. P. 15(b)(1).

I recommend that the Court allow the amendment because, if asked, I would have granted Plaintiffs leave to amend given (1) the limited and clarifying nature of the amendments and (2) the lack of prejudice to Defendants. First, Plaintiffs did not change their claims against Enchante and Lamus, or the theory behind those claims; the changes they made clarify and narrow some of the factual allegations. For example, the Mateu Plaintiffs used to implicate Rey in the August and December 2015 sales and allege that she made misrepresentations. (ECF No. 106 at ¶¶ 11, 12, 21, 22). They now say that she was involved only in the December 2015 sale and that she failed to disclose material information, as opposed to making misrepresentations. (ECF No. 138 at ¶¶ 22–26).

Other than that, Plaintiffs changes are confined to identifying the misleading documents they received. For example, the Mateu Plaintiffs used to allege that "[i]n connection with the sale of the securities to [them], Defendants relied upon a document entitled Investment Memo, Executive Summary or a document similar thereto." (ECF

5

No. 106 at ¶ 16). The Mateu Plaintiffs now allege that "[i]n connection with the sale of the securities to Mateu, Lamus relied upon a document entitled Investor Questions, July 10, 2015." (ECF No. 138 at ¶ 17). The limited changes in the facts have narrowed Plaintiffs' claims. This would appear to benefit Defendants.

Second, the amendment does not prejudice Defendants. I appreciate Defendants' position that the case has been pending a long time and that they already deposed Plaintiffs "based on the theories that were presented in the Second Amended Complaint." (ECF No. 140 at 11). Defendants, however, have not shown that the amendments prejudiced them. If Defendants need further discovery, it is still ongoing. And importantly, I am not just recommending that the Court consider Plaintiffs' amended claims against Enchante and Lamus, but that it dismiss them as well.

In short, I recommend that the Court consider the third amended complaint in its entirety despite Plaintiffs' violation of Rule 15(a)(2).

### B. *Plaintiffs have failed to allege the element of reliance with the specificity required under Rule 9(b).*

Under Rule 9(b), fraud claims must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy the rule, the complaint must set forth:

> (1) precisely what documents or oral representations were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Energy Supreme LLC v. Supreme Energy Res., Inc.*, No. 0:15-CV-60034-UU, 2016 WL 3948060, at *2 (S.D. Fla. Jan. 21, 2016) (quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d

6

1194, 1202 (11th Cir. 2001)).

To state a claim under § 10(b) and Rule 10b–5 of the Securities Act, and § 517.301 of the FSIPA, a plaintiff must allege six elements:

> (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) *reliance* upon the misrepresentation or omission; (5) economic loss; and (6) loss causation.

*Energy Supreme*, 2016 WL 3948060, at *3 (citing *Amgen, Inc. v. Conn. Ret. Plans & Trust Funds*, 563 U.S. 27 (2011)) (emphasis added).

To plead a claim of common law fraud in Florida, a plaintiff must similarly allege:

> (1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) the intent by the person making the statement that the representation will induce another to act on it; and (4) *reliance* on the representation to the injury of the other party.

*Wilder v. JP Morgan Chase Bank, N.A.*, No. 18-20820-CIV, 2018 WL 5629922, at *4 n.3 (S.D. Fla. Oct. 30, 2018) (quoting *Lance v. Wade*, 457 So. 2d 1008, 1011 (Fla. 1984)) (emphasis added).

For each fraud claim, Plaintiffs must plead, with the specificity Rule 9(b) requires, "actual reliance" on a particular misrepresentation or omission that was "justifiable," i.e., that Plaintiffs could not discover the truth through their own reasonable diligence. *In re Sahlen & Assocs., Inc. Sec. Litig.*, 773 F. Supp. 342, 352, 371 (S.D. Fla. 1991); *see also HCM High Yield Opportunity Fund, LP v. Skandinaviska Enskilda Banken AB*, No. 99-1350-CIV, 2001 WL 36186526, at *11 (S.D. Fla. Dec. 14, 2001) ("The plaintiffs must allege that they actually relied on a particular document or misrepresentation and that such reliance was justifiable, meaning that they would not have discovered the truth even by

exercising reasonable diligence.").

Plaintiffs have not met their pleading burden. Plaintiffs did plead with specificity the misrepresentations and omissions Lamus or Rey made to induce Plaintiffs to invest in Enchante. (ECF No. 138 ¶¶ 15, 17, 19, 21, 26, 30, 32, 37, 38–39). Plaintiffs never expressly state, however, that they relied on those misrepresentations and omissions. Nor have Plaintiffs explained how the reliance was justifiable.

Instead, Plaintiffs repeat these vague and indirect statements multiple times: (1) that if Lamus or Rey had "made full and accurate disclosure at the time of the sale of the securities," Plaintiffs "would not have invested into the company," and (2) that Plaintiffs' "reliance was also reasonable" because "Lamus was the chief executive officer and a director and therefore had access to the books and records of Enchante" and "Rey is Lamus' wife and was the seller of the unregistered securities." (ECF No. 144 at ¶¶ 59, 76, 122, 142, 156, 175, 192, 209, 232, 249, 261, 272). Those allegations fall short of Rule 9(b) pleading with particularity.

In the first repeated statement quoted above, Plaintiffs say that if Lamus and Rey had told them the truth about Enchante, they would not have invested in Enchante. But that statement says nothing about what misrepresentation or omission, if any, Plaintiffs actually relied on before they invested in Enchante. For instance, Plaintiffs never say that they invested because of the returns Lamus promised or based on the company's past performance or projected performance. Nor do Plaintiffs allege that they read any of the documents Lamus sent to them. At best, Plaintiffs are trying to establish reliance by implication—that the Court must assume that they relied on the laundry list of

8

misrepresentations and omissions in the complaint—but Rule 9(b) requires more. Indeed, as I explained below, Plaintiffs cannot utilize the presumption of reliance that is reserved for omission-only cases, but must affirmatively allege reliance.

As for the second repeated statement—that "reliance was also reasonable" because of Lamus' and Rey's position or status—the same problem persists: Plaintiffs do not specifically allege what misrepresentation and omission they reasonably relied on. What is more, Plaintiffs say nothing about their due diligence, or lack thereof, or explain how due diligence would not have revealed what was truly going on with Enchante, which would make Plaintiffs' reliance justifiable. *See, e.g., In re Sahlen*, 773 F. Supp. at 352. If anything, Plaintiffs' allegations suggest that they attempted no due diligence simply because Lamus was the CEO of the company and Rey the seller of some of the securities.

Plaintiffs argue, incorrectly, that they may plead reliance here by invoking the presumption of reliance permitted in omission cases. (ECF No. 144 at 15–16). Courts allow a presumption of reliance in a fraud case where there is "a failure to disclose in which defendants who had an affirmative duty to disclose stood mute, leaving plaintiffs with absolutely nothing upon which to rely." *Cavalier Carpets, Inc. v. Caylor*, 746 F.2d 749, 755 (11th Cir. 1984) (citing *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 152–53 (1972)). That presumption, however, is limited to cases "involving primarily a failure to disclose," i.e., omissions. *Id.* (citing *Affiliated Ute*, 406 U.S. at 153). The presumption does not apply in cases that primarily involve misrepresentations or that concern a mix of misrepresentations and omissions. *Id.* at 756–57 (holding that presumption did not apply in securities fraud case involving three omissions and three

9

misstatements).

Allegations that a defendant "overstated the Company's sales, earnings, assets and net worth, understated its liabilities and omitted to provide information material to an investor's decision to purchase or sell" presents a mixed securities-fraud case. *In re Sahlen*, 773 F. Supp. at 354. Plaintiffs allege a similar mix of misrepresentations and omissions here. (*See* ECF No. 138 ¶¶ 15, 17, 19, 21, 26, 30, 32, 37, 38–39). As such, Plaintiffs may not use the *Affiliated Ute* presumption to meet their pleading requirements. *Cavalier Carpets*, 746 F.2d at 755.

In sum, Plaintiffs have failed to allege the element of reliance with the specificity needed under Rule 9(b).[4]

### C. *Plaintiffs have failed to allege Rey's scienter with the specificity required under Rule 9(b).*

Under § 10(b) and Rule 10b-5 of the Securities Act, a plaintiff must, "with respect to each act or omission alleged . . . state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Carvelli v. Ocwen Fin. Corp.*, 934 F.3d 1307, 1318 (11th Cir. 2019) (internal quotation marks omitted). A defendant's required state of mind is "intent to defraud or severe recklessness. . . ." *Id.* "[A] strong inference is one that is cogent and at least as compelling as any opposing inference

---

[4] Given Plaintiffs' failure to plead reliance, I need not consider Defendants' argument that the cautionary language in the subscription agreements, (ECF Nos. 20-1, 20-3), made any reliance "unreasonable as a matter of law." (ECF No. 140 at 13). Also, Defendants do not fully develop this argument, adding it only as an aside, (ECF No. 140 at 13–14), and the Court need not consider arguments that are "perfunctory and underdeveloped." *U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 (11th Cir. 2007).

one could draw from the facts alleged." *Id.* And to raise such an inference, plaintiffs must allege that: "(1) the defendant knew of the potentially material fact, and (2) the defendant knew that failure to reveal the potentially material fact would likely mislead investors." *In re Pegasus Wireless Corp. Sec. Litig.*, 657 F. Supp. 2d 1320, 1327–28 (S.D. Fla. 2009).

For claims under the FSIPA or Florida common law, plaintiffs may establish scienter through negligence. *See Grippo v. Perazzo*, 357 F.3d 1218, 1222 (11th Cir. 2004) ("The elements of a cause of action under § 517.301 are identical to those under the Federal Rule 10b–5, except that the scienter requirement under Florida law is satisfied by showing of mere negligence."); *Alna Capital Assocs. v. Wagner*, 758 F.2d 562, 566 (11th Cir. 1985) (explaining that, unlike under Rule 10b–5, "mere negligence satisfies Florida statutory and common law"). But even then, plaintiffs must allege with specificity how a party acted negligently. *See Arnold v. McFall*, 839 F. Supp. 2d 1281, 1287 (S.D. Fla. 2011) (dismissing § 517.301 claim where Plaintiffs did not "allege *any* facts showing that Defendant . . . negligently made . . . statements to Plaintiff").

Here, Plaintiffs allege that "Rey, as the seller of the unregistered securities of Enchante, had an affirmative duty to provide information disclosure to Mateu, including material information regarding Enchante's business and operations." (ECF No. 138 at ¶ 24). They then allege that Rey did not provide any disclosure to Mateu, relying instead on what her husband disclosed, which was false and misleading. (*Id.* at ¶ 25). And they allege that Rey "failed to correct the misstatements and/or provide responsive information to the omissions her husband made in August of 2015," which included her failure to disclose Enchante's booking of consignment sales, unpaid liabilities, lack of profitability,

11

and false financial statements. (*Id.* at ¶ 26).

Plaintiffs continue that "[a]lthough his wife, Mrs. Rey, was the owner and seller of the unregistered securities, Mr. Lamus organized the sale to Mateu." (*Id.* at ¶ 27). And then they allege that "[i]n or about December 2015, Mr. Lamus informed Mateu that another shareholder, Pablo Toloso, was in need of selling his shares due to a change in immigration status," and so Lamus "solicited Mateu for the purchase of the securities and then sent Mrs. Rey to close the transaction directly and collect the proceeds from sale." (*Id.* at ¶ 28).

Plaintiffs have not alleged with specificity that Rey intended to defraud them or acted with extreme recklessness or acted negligently. The Court has already ruled that Plaintiffs' allegation that Rey "knew of the 'poor financial performance' and 'poor and deteriorating financial condition of Enchante,' but did not disclose it to the Plaintiffs," does not satisfy Rule 9(b). (ECF No. 132 at 2). Plaintiffs say virtually the same thing in the third amended complaint. (ECF No. 138 at 27–28). Plaintiffs have merely added that Lamus sent Rey to close the sale of a small fraction of the securities and that Rey said nothing about the company. Plaintiffs do not allege what Rey knew about Enchante or her husband's prior disclosures to the Mateu Plaintiffs—let alone that she knew the representations were false and misleading. Plaintiffs also do not state what happened at the sale itself. Such barebone facts do not give the "strong inference" that Rey acted with intent to defraud or was severely reckless, nor do they establish that she acted negligently.[5]

---

[5] Plaintiffs argue in their response that Rey was an "affiliate of the issuer" and thus served "as a statutory underwriter of securities and is treated the same as the company for purposes of securities laws and regulations." (ECF No. 144 at 14, 15). Plaintiffs do not allege this in their complaint, and they certainly cannot amend their complaint with argument in their response memorandum. And,

In sum, Plaintiffs have failed to allege that Rey acted with the requisite scienter with the specificity needed under Rule 9(b).

### D. *The Court should dismiss the third amended complaint without prejudice and grant Plaintiffs one last chance to amend.*

The Court may dismiss a complaint with prejudice for failure to state a claim when further amendment would be futile. *Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150, 1163 (11th Cir. 2019). Usually, "[t]hree attempts at proper pleading are enough." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1057 (11th Cir. 2015). In this case, however, I recommend that the Court grant Plaintiffs one last opportunity to state a claim.

Although this is Plaintiffs' fourth complaint, Defendants did not raise the issue of reliance in their previous motion to dismiss, even though they could have.[6] And because Rey was not served until June 7, 2019, (ECF No. 98), the arguments asserted regarding the sufficiency of the allegations against her were raised for the first time in the previous motion to dismiss. It is possible that Plaintiffs may be able to allege reliance and scienter

---

I note that the authority that Plaintiffs cites suggest that even if a defendant is deemed an underwriter of a security, a plaintiff must still establish scienter. *See S.E.C. v. Simmons*, No. 8:04-CV-2477-T-17MAP, 2008 WL 7935266, at *14, *16 (M.D. Fla. Apr. 25, 2008) (analyzing scienter element and finding that underwriter of securities acted with "'extreme recklessness' by predicting that stock prices would rise . . . yet at the same time selling his own stock for a third of the price").

[6] While some facts changed, Plaintiffs' manner of alleging reliance did not. That does not mean, however, that Defendants have filed an impermissible successive motion to dismiss under Rule 12(g)(2), as Plaintiffs argue. (ECF No. 144 at 6–7). The Circuits are split on whether Rule 12(g)(2) applies to Rule 12(b)(6) motions, *see In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017) (collecting cases), and the Eleventh Circuit has not weighed in. This record does not call for the Court to enter that debate now. Given my recommendation that the Court forgive Plaintiff's failure to comply with rule 15(a), I find it inequitable to then bar Defendants from seeking dismissal of those new allegations. I therefore reject Plaintiffs' Rule 12(g)(2) argument.

with the required specificity. It is also possible that they are unable to do so, as Defendants argue by pointing to various snippets of deposition testimony. But the Court cannot foretell the future based on cherry-picked portions of depositions taken before Plaintiffs filed the third amended complaint.

For these reasons, I recommend that the Court dismiss the third amended complaint without prejudice, granting Plaintiffs one last opportunity to amend their claims.

### III. Objections

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Robert N. Scola, Jr., who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1 (2016).

RESPECTFULLY RECOMMENDED in chambers in Miami, Florida this 11th day of March 2020.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Robert N. Scola, Jr.
    Counsel of record