UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JULIAN FERNAU, FERNANDO
MATEU, AND MARIA DOLORES
DE LUCAS,

    *Plaintiffs*,

 v.

ENCHANTE BEAUTY PRODUCTS,
INC., RAUL LAMUS, AND MARIA
FERNANDA REY,

    *Defendants*.

CASE NO. 1:18-cv-20866-RNS

## RESPONSE TO DEFENDANTS' OBJECTIONS TO MAGISTRATE REPORT AND RECOMMENDATIONS

COME NOW, Plaintiffs, Julian Fernau, Fernando Mateu, and Maria Dolores de Lucas and file their Response to Defendants' Objections to Magistrate McAliley's Report and Recommendations [158], filed on March 25, 2020.

1. Plaintiffs have been diligent in pursuing their case and claims. Following the consummation of the investment fraud upon at least three separate Enchante shareholders in Miami, Mr. Lamus and his wife first fled to Spain and have since been purportedly last living in a hotel room in Dubai. Plaintiffs successfully served Mr. Lamus on July 27, 2018 pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in

Civil or Commercial Matters. Dkt. No. 22.  Service of process was effected on Mr. Lamus' wife after what appeared to be attempts to evade service. See *Motion for Alternate Service of Process*, Dkt. No. 83.  Mr. Lamus' wife accepted service following briefing and oral argument on Plaintiffs' motion. *Order Following Discovery Hearing*, Dkt. No. 96.  There is and was no undue delay by Plaintiffs.  The passage of time is customary with international service of process.

2. Although Mr. Lamus purports to represent Enchante Beauty Products, Inc. ("**Enchante**"), Plaintiffs formerly raised their concern that Lamus had not been legally authorized to act on behalf of the entity. *Plaintiffs' Motion to Strike*, Dkt. No. 61.  This is because Mr. Lamus was voted out of his managerial position by the board of directors and stripped of any authorization, following the board's own concerns over Mr. Lamus' consummation of fraud and breaches of fiduciary duty.[1]

3. As noted by Magistrate McAliley, the Court appropriately considered amendments made by Plaintiffs to conform with the evidence produced in discovery given: (1) the limited and clarifying nature of the amendments and (2) the lack of prejudice to Defendants. See Dkt. No. 155 at 5.  Contrary to

---

[1] See *Minutes of Board Meeting* (Aug. 30, 2017), Dkt. No. 61-1, and *Minutes of the Special Meeting of the Board of Directors* (January 3, 2018), Dkt. No. 61-2.

defense counsel's unsupported representations, Plaintiffs have not changed their claims or the theory of their case, but rather clarified and narrowed some factual allegations. The case remains at the motion to dismiss stage and is early in discovery. Defendants will not be prejudiced in their preparation for trial. In fact, it is the taking of depositions by Defendants and Defendants' production of documents days before taking some of those depositions that prompted the referenced amendments. Defendants further had an adequate opportunity to inquire as to the documents and information and examine the Plaintiffs regarding their substance.

4. Magistrate McAliley's decision to entertain Defendants' successive arguments on motions to dismiss and then to allow Plaintiffs' leave to amend is a discretionary one and a decision that should not be disturbed. Defendants have been represented by three separate law firms since August 16, 2018. They raised successive pleading challenges in their motions to dismiss filed on August 24, 2018 [17], December 27, 2018 [57], and July 12, 2019 [115]. In their November 27, 2019 filing [140], Defendants first challenged the manner of pleading reliance and scienter. In turn, Magistrate McAliley conducted a futility analysis and determined that since the challenges were recently raised and that since Plaintiffs may be able to allege reliance and scienter with the required specificity, leave to amend is proper and should be given. See Dkt. 155

at 13-14.  In summary, Magistrate McAliley made an equitable decision to entertain Defendants' newfound arguments, but allow Plaintiffs an opportunity to respond to and address those new and additional pleading challenges.  This practice appears to conform with the Court's underlying policy to promote a resolution on the merits.

5. Defendants seek to (improperly) cite deposition transcripts in support of their Rule 12(b)(6) motion. See *Response in Opposition to Defendants' Motion for Sanctions* [126].  As noted in the response, the sanctions motion was premature and itself frivolous, thus warranting the imposition of sanctions upon defense counsel.  Of relevance to this filing, Rule 11 motion practice is not an appropriate method to collaterally support a motion to dismiss, or objections to a magistrate's ruling on a Rule 12(b)(6) motion, by introducing evidence.  The "evidence" should not be considered understandably because the underlying motion is a challenge as a matter of law and accepts the well-pleaded allegations as true.  Magistrate McAliley recognized this and declined to consider "cherry-picked portions of depositions." Dkt. No. 155 at 14.  Further, Plaintiffs have not yet had the opportunity to conduct their discovery and this one-sided evidentiary presentation is prejudicial.

6. On page six, Defendants frivolously argue that "Plaintiffs have not taken discovery to identify additional information pertinent to their claims and

thus any amendment must necessarily be based on facts already known to them when they filed this action." This argument is irrational. Plaintiffs have not yet taken substantial discovery because this case remains at the motion to dismiss stage. Until the pleadings close, and answers, affirmative defenses, and counterclaims, if any, are presented, it would be foolish to take key party and witness depositions. It would therefore be unreasonable to impute knowledge that Plaintiffs will discover, following the close of the pleadings, at this juncture of the litigation and hold Plaintiffs to an evidentiary battle on a Rule 12(b)(6) motion. Instead, the proper time to present evidence is on summary judgment or at trial.

## CONCLUSION

For the reasons cited herein, Defendants' objections to Magistrate McAliley's Report and Recommendations should be overruled.

Respectfully submitted this 6th day of April, 2020.

/s/ Michael Stegawski
Michael Stegawski
Fla Bar No. 51589

Convergent Litigation Associates
1395 Brickell Ave, Suite 800
Miami, FL 33131
Tel: (800) 750-9860 x1
Fax: (800) 531-3243
Email: michael@cla-law.com

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| JULIAN FERNAU, FERNANDO MATEU, AND MARIA DOLORES DE LUCAS,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>ENCHANTE BEAUTY PRODUCTS, INC., RAUL LAMUS, AND MARIA FERNANDA REY,<br><br>    *Defendants*. | CASE NO. 1:18-cv-20866-RNS |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of April, 2020, I electronically filed the within and foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

/s/ Michael Stegawski
Michael Stegawski, Esq.

## **SERVICE LIST**

*Fernau, et. al, v. Enchante Beauty Products, Inc., et. al.*
Case No. 1:18-cv-20866-RNS
United States District Court, Southern District of Florida

Brodsky Fotiu-Wojtowicz, PLLC
Alaina Fotiu-Wojtowicz
200 SE 1st Street
Suite 400
Miami, FL 33131
Tel: (305) 503-5054
Fax: (786) 749-7644
Email: alaina@bfwlegal.com
      docketing@bfwlegal.com

*Attorney for Raul Lamus*

(via CM/ECF)

Stephanie Anne Casey
Colson Hicks Eidson
255 Alhambra Circle, PH
Coral Gables, FL 33134
Tel: (305) 476-7400
Fax: (305) 476-7444
Email: scasey@colson.com

*Attorney for Enchante Beauty Products, Inc.*

(via CM/ECF)

Convergent Litigation Associates
Michael Stegawski
1395 Brickell Avenue
Suite 800
Miami, FL 33131
Tel: (800) 750-9861 x101
Fax: (800) 531-3243
Email: michael@cla-law.com

*Attorney for Plaintiffs*

(via CM/ECF)