United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Julian Fernau and others,<br>Plaintiffs,<br><br>v.<br><br>Enchante Beauty Products, Inc.<br>and others, Defendants. | )<br>)<br>)<br>) Civil Action No. 18-20866-Civ-Scola<br>)<br>)<br>) |

## Order on Report and Recommendations

This matter was referred to United States Magistrate Judge Chris M. McAliley for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters, consistent with 28 U.S.C. § 636 and Local Magistrate Judge Rule 1. (ECF No. 66.) Judge McAliley issued a Report and Recommendation regarding the Defendants' motion to dismiss the Plaintiffs' third amended complaint, recommending that the Court grant the motion without prejudice. (R. & R., ECF No. 155; Def.'s Mot. to Dismiss, ECF No. 140). As the report describes, the Plaintiffs in this securities fraud action failed to allege the elements of reliance and scienter with the requisite specificity. The report also explains that the Plaintiffs' insufficient allegations were made in a third amended complaint that was filed without the Defendants' consent or leave of Court, as required under Federal Rule of Civil Procedure 15(a)(2). The report concludes that the Court should nevertheless allow the amendment, which raises insufficient claims, and then dismiss the third amended complaint without prejudice to the filing of a fourth amended complaint. The Court notes that the Plaintiffs have not filed a motion for leave to amend the complaint for a fifth time. Both parties have filed objections to the report (Pl.'s Objection, ECF No. 157; Def.'s Objection, ECF No 158) and responses to one another's objections (Def.'s Resp., ECF No. 159; Pl.'s Resp., ECF No. 160). The report's analysis, discussion and conclusions as to the deficiencies in the third amended complaint are detailed, cogent and correct. But, the Court does not agree with the recommendation that Plaintiff be allowed yet another attempt to correct those deficiencies. Having conducted a *de novo* review of the record and the applicable law, the Court **adopts in part and declines to adopt in part** the report and recommendation (**ECF No. 155**) and **grants** the Defendants' motion to dismiss (**ECF No. 140**) without leave to amend.

### I. The Unauthorized Amendment

The Defendants "object to the R&R's recommendation that Plaintiffs' fourth iteration of their complaint should be dismissed without prejudice and Plaintiffs be given a fifth opportunity to amend." (ECF No. 158 at 1.) The Court agrees. On October 17, 2019, the Court dismissed various claims in the second amended complaint that were made against Defendant Maria Fernanda Rey without prejudice, and all other claims against all other defendants were dismissed with prejudice and without leave to amend. (Order, ECF No. 132 at 3.) Nevertheless, the Plaintiffs filed a third amended complaint amending all their claims. (Third Am. Compl., ECF No. 138.) However, the Plaintiffs, who are represented by counsel, "did not first ask, as required by Federal Rule of Civil Procedure 15(a)(2), for leave to amend the fraud claims against Enchante and [Raul] Lamus." (ECF No. 155 at 3.) Moreover, the Eleventh Circuit has "rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend." *Avena v. Imperial Salon & Spa, Inc.*, 17-14179, 2018 WL 3239707, at *3 (11th Cir. July 3, 2018).

The Court is not persuaded by the Plaintiffs' argument that the Court should disregard the requirements of Rule 15 because the unauthorized amendments were "limited and clarifying [in] nature," intended to "conform with the evidence," and not prejudicial. (ECF No. 159 at 2.) Rule 15 does provide for any such exceptions. *Wagner v. Daewoo Heavy Industries Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."). Further, the amended allegations are deficient.

### II. Reliance

The Court's determination that the unauthorized pleadings are not properly before the Court renders moot the Plaintiffs' objections with respect to Judge McAliley's finding that the Plaintiffs failed to sufficiently allege that they relied on any misrepresentation or omission. In particular, the Plaintiffs object to the report and recommendation insofar as it purportedly "creat[ed] a new standard" requiring plaintiffs to plead that they performed due diligence. (ECF No. 157 at 1.) However, the report did no such thing. Rather, after explaining the third amended complaint's failure to adequately state a claim, it also explained, "[w]hat is more, Plaintiffs say nothing about their due diligence . . . ." (ECF No. 155 at 9.) That passing reference to due diligence was not material to the detailed rationale and multiple reasons explaining Judge McAliley's conclusion that the Plaintiffs failed to state a claim upon which relief can be granted. (*Id.* at 6-9.)

The Plaintiffs also object "to the extent that Magistrate McAliley's ruling requires pleading of reliance on each individual misstatement or omission as meeting the causation requirement to induce Plaintiffs' purchase of Enchante's securities." (ECF No. 157 at 6.) Again, Judge McAliley did not require such pleading to any extent at all. The Plaintiffs identified various purported misstatements in a document entitled "Investor Questions, July 10, 2015," but the Plaintiffs did not identify the specific misrepresentations upon which they relied. (ECF No. 138 at ¶ 17.) Judge McAliley took issue with the Plaintiffs' failure to plead reliance as to *any* of the individual purported misstatements or omissions, not with the Plaintiffs' failure to plead reliance as to *each* of the purported misstatements or omissions. (ECF No. 155 at 9.) As the Eleventh Circuit explained in *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364 (11th Cir. 1997), Rule 9(b) maybe be satisfied if the complaint sets forth, *inter alia*, "precisely what statements were made in what documents" and "the content of such statements and the manner in which they misled the plaintiff." *Id.* at 1380-81. Identifying the statements in the problematic document and explaining how those statements misled the plaintiff are two separate requirements of Rule 9(b). The Plaintiffs failed to satisfy the latter requirement.

### III. Scienter

The Plaintiffs' third objection concerns Judge McAliley's finding that the Plaintiffs "have failed to allege that Rey acted with the requisite scienter with the specificity needed under Rule 9(b)." (ECF No. 155 at 13.) Under § 10(b) and Rule 10b-5 of the Securities Act, a plaintiff must, "with respect to each act or omission alleged . . . state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Carvelli v. Ocwen Fin. Corp.*, 934 F.3d 1307, 1318 (11th Cir. 2019) (internal quotation marks omitted). For claims under the Florida Securities and Investor Protection Act or Florida common law, plaintiffs may establish scienter through allegations specifically showing that the defendant acted negligently. *See Grippo v. Perazzo*, 357 F.3d 1218, 1222 (11th Cir. 2004) ("The elements of a cause of action under § 517.301 are identical to those under the Federal Rule 10b-5, except that the scienter requirement under Florida law is satisfied by showing of mere negligence.").

In dismissing the second amended complaint, this Court found that the Plaintiffs failed to state a claim against Rey where they alleged that she "knew of the 'poor financial performance' and 'poor and deteriorating financial condition of Enchante,' but did not disclose it to the Plaintiffs." (ECF No. 132 at 2.) As Judge McAliley observed, the "Plaintiffs say virtually the same thing in the third amended complaint." (ECF No. 155 at 12.) The Plaintiffs have added that Lamus sent Rey to close the sale of a small fraction of the securities at issue and that

Rey said nothing about the company. (ECF No. 138 at 27-28.) However, the Plaintiffs do not allege with specificity what Rey knew about Enchante or her husband's prior disclosures to the Mateu Plaintiffs, much less that she knew those prior disclosures were false and misleading. Indeed, the Plaintiffs make no attempt to describe with specificity what took place at the sale itself, other than to make the conclusory allegation that "[h]ad Lamus and Rey made full and accurate disclosure at the time of the sale of the securities, Mateu would not have invested into the company." (ECF No. 138 at ¶ 76.)

The Plaintiffs also argue for the first time in response to the motion, and again in their objection to the report and recommendations, that Rey was an "affiliate of the issuer" and thus served "as a statutory underwriter of securities and is treated the same as the company for purposes of securities laws and regulations." (Pls.'s Resp., ECF No. 144 at 14-15; *see also* Pls.'s Objection, ECF No. 157 at 7.) The third amended complaint makes no allegations as to Rey's purported affiliate or underwriter status. As a procedural matter, the Plaintiffs cannot amend the complaint by invoking a new theory of liability in response to the motion to dismiss. As a substantive matter, this theory, which the Plaintiffs "submit" to the Court without any citation to legal authority, fails. (ECF No. 157 at 8-9.) The Plaintiffs have not shown how Rey's marriage to Lamus, the CEO of Enchante, coupled with the allegation that "the couple lived together," renders Rey an "affiliate" or "underwriter" who acted with scienter. (*Id.*)

## IV. Conclusion

The Court declines to adopt the recommendation that the Court grant the Plaintiffs an additional opportunity to state a claim. The Eleventh Circuit has held that "[t]hree attempts at proper pleading are enough," and this Court finds that a fifth attempt at proper pleading would be more than enough. *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1057 (11th Cir. 2015). In response to the Defendants' argument that the third amended complaint should be dismissed with prejudice, the Plaintiffs argue that "since the [scienter] challenges were recently raised and [] since Plaintiffs *may be able to allege* reliance and scienter with the required specificity, leave to amend is proper and should be given." (ECF No. 159 at 3 (emphasis added).) The Court disagrees. The complaint in this case has gone through four iterations and it remains defective. Indeed, the Defendants specifically challenged the allegations against Rey, including the scienter allegations, in their motion to dismiss the second amended complaint. (ECF No. 115 at 15.) The Plaintiffs have been on notice of the basic pleading standards that they have failed to meet and the Court declines to permit them a fifth attempt at adequate pleading. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) ("What matters is function, not form: the key is

whether the plaintiff had fair notice of the defects and a meaningful chance to fix them."). Additionally, and as the Court noted at the outset with respect to the unauthorized portions of the third amended complaint, a "district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Industries Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). Finally, by granting the motion and dismissing the complaint in its entirety, the Plaintiffs' fourth and final objection that Florida law mandates that Rey remain a Defendant for purposes of effecting a rescission of the Mateu Plaintiffs' investments is now moot. (ECF No. 157 at 11.)

Accordingly, the Court **adopts in part and declines to adopt in part** the report and recommendation (**ECF No. 155**). The Court **grants** the Defendants' motion to dismiss (**ECF No. 140**) and dismisses the third amended complaint with prejudice. The Clerk is directed to **close** this case.

**Done and ordered** in chambers, at Miami, Florida, on May 21, 2020.

_____
Robert N. Scola, Jr.
United States District Judge