United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Julian Fernau and others, Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-20866-Civ-Scola |
| Enchante Beauty Products, Inc. and others, Defendants. | ) |
| | ) |
| | ) |

### Order On Defendant's Motion For Reconsideration

The Plaintiffs have asked the Court to reconsider its previous ruling in granting the Defendants' motion to dismiss without leave to amend (ECF No. 161). Specifically, the Plaintiffs move for reconsideration under Federal Rule of Civil Procedure 59(e), arguing that the Court's order contained manifest errors of law or fact. Because the Plaintiffs have not pointed to any manifest errors, the Court **denies** their motion (**ECF No. 162**).

Federal Rule of Civil Procedure 59(e) permits a motion to alter or amend a judgment. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotations omitted).

> It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly. The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). Here, the Plaintiffs raise four arguments that they claim uncover manifest errors of law or fact. The Court will briefly address each in turn.

First, the Plaintiffs argue that the Mateu Plaintiffs should be treated differently from the other Plaintiffs because they were joined after the original complaint was filed and have therefore failed to adequately plead their claims

three times rather than four. The Plaintiffs do not cite to any law requiring the Court to treat these groups differently. Moreover, the Mateu Plaintiffs have been on notice of the basic pleading standards that they have failed to meet for a year and a half. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) ("the key is whether the plaintiff had fair notice of the defects and a meaningful chance to fix them").

The Plaintiffs' second argument—that the appropriate remedy for their unauthorized amendment is to strike it rather than to dismiss it with prejudice—is unavailing. The Court did not dismiss their Third Amended Complaint with prejudice as a sanction for its unauthorized filing. Instead, the Court dismissed the Third Amended Complaint due to its deficiencies. (*See* ECF No. 161 at 1, 5.)

Third, the Plaintiffs' argument, that the Court should not have considered the motion to dismiss under Rule 12(g) as an impermissible successive motion to dismiss, also fails. "[W]hen a plaintiff's amended complaint contains new factual averments, Rule 12(g)(2) does not apply and defendants are entitled to challenge with another 12(b)(6) motion." *Kroger Co. v. New Enter. Stone & Lime Co., Inc.*, 2018 WL 4615955, at *2 (E.D. Pa. Sept. 25, 2018); *In re Adler, Coleman Clearing Corp*, 2008 WL 11411962, at *4 (S.D. Fla. Aug. 13, 2008) (Ryskamp, J.) (a party may file a new motion to dismiss when "the revised pleading contain[s] new information or different allegations making it subject to a defense or objection that was not previously apparent to the movant.") (citing 5C Charles A. Wright et al*., Federal Practice and Procedure*, § 1388, at 491 (3d ed. 2004)); *cf* Fed. R. Civ. P. 12(g)(2) ("a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.").

Fourth, the Plaintiffs argue that the Court should have granted leave to amend because "the pleading defects can be remedied." (ECF No. 162 at 6.) Notably, they do not cite to any authority indicating that their ability to plead properly warrants the filing of a fourth amended complaint. To the contrary, the caselaw does not require the Court to allow the Plaintiffs to amend for a fifth time after two and a half years of litigation. *See Urquilla-Diaz v. Kaplan University*, 780 F.3d 1039, 1057 (11th Cir. 2015) ("Three attempts at proper pleading are enough"); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) ("the key is whether the plaintiff had fair notice of the defects and a meaningful chance to fix them"). Here, the Plaintiffs have been on notice of the basic pleading standards that they have failed to meet for over two years, and the Court declines to permit them a fifth attempt at adequate pleading. Therefore, the Plaintiffs' motion for reconsideration (**ECF No. 162**) is **denied**.

**Done and ordered** in chambers, at Miami, Florida, on July 27, 2020.

                                                      _____
                                                      Robert N. Scola, Jr.
                                                      United States District Judge