UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-20866-SCOLA/MCALILEY

JULIAN FERNAU, *et al.*,

    Plaintiffs,

v.

ENCHANTE BEAUTY PRODUCTS, INC., *et al.*,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION ON MOTION FOR SANCTIONS**

Pending before the Court is Defendants' Motion for Sanctions, (ECF No. 124). The motion has been fully briefed (ECF Nos. 126, 127), and the Honorable Robert N. Scola, Jr. referred it to me for a report and recommendation, (ECF No. 66).

After careful review of the parties' legal memoranda, the record in this case and the applicable law, for the reasons that follow I recommend that the Court deny Defendants' Motion.

**I.    BACKGROUND**

In March 2018, Plaintiff Julian Fernau sued Defendants Enchanté Beauty Products, Inc. and Raul Lamus for violation of state and federal securities statutes and Florida's Civil Remedies for Criminal Practices Act, Fla. Stat. § 772.101 *et seq*., and for common law fraud. (ECF No. 1). Lamus is Enchanté's chief executive officer and director.

In September 2018, Plaintiffs Fernando Mateu and Maria Dolores de Lucas, who are husband and wife, joined the lawsuit in the First Amended Complaint. That Complaint also added Lamus's wife, Maria Fernanda Rey, as a defendant. (ECF No. 20). The Complaint was twice more amended. (ECF Nos. 106, 138). Plaintiffs' claims asserted generally that Lamus and Rey, through misrepresentations and omissions, defrauded them into investing in Enchanté. (*See generally* ECF No. 106).

Defendants filed the pending Motion after Plaintiffs filed the Second Amended Complaint. The Motion asks the Court to sanction Plaintiffs under Federal Rule of Civil Procedure 11. (ECF No. 124). That Rule has a "safe harbor" provision that requires that before a litigant files a motion for sanctions, he or she must first serve the motion on the offending party, who has 21 days to correct or withdraw the challenged claim. FED. R. CIV. P. 11(b)(2). Consistent with that provision, on July 19, 2019, Defendants served Plaintiffs with their Motion for Sanctions. (ECF Nos. 124 at 1; 124-1). The Motion argues that the claims against Rey in the Second Amended Complaint (the "Rey Claims") are without sufficient factual support and from this it is evident that Plaintiffs failed to conduct a reasonable pre-suit investigation and failed to reexamine and reevaluate their claims as this action advanced. (ECF No. 124 at 1-2). Plaintiffs did not withdraw or correct the Rey Claims after receipt of the draft Motion, and Defendants filed the Motion with the Court on August 12, 2019. (ECF No. 124). The Court stayed the Motion pending resolution of the lawsuit. (ECF No. 156). On May 21, 2020, the Court dismissed the Third Amended Complaint with prejudice and closed the case. (ECF No. 161). Accordingly, the Court now turns to the Motion for Sanctions.

## II.  ANALYSIS

### 1. Standard of Review.

Federal Rule of Civil Procedure 11(b) provides, *inter alia*, that an attorney who filed a pleading with the court certifies that, to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery ….

FED. R. CIV. P. 11(b). Rule 11 thus requires an attorney to make a reasonable inquiry into the facts and the law. *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). The reasonableness of the inquiry is a fact-based question, dependent on the circumstances of the case. *Id*.

Rule 11 authorizes courts to sanction attorneys, among others, who do not meet the standard set out in Rule 11(b). FED. R. CIV. P. 11(c). A court confronted with such a motion premised on the alleged frivolity of a claim must first determine whether the party's claims or assertions are objectively frivolous in view of the facts or law; if they are, the court must then determine whether the person who signed the pleadings would have been aware they were frivolous had he made a reasonable inquiry. *Worldwide Primates*, 87 F.3d at 1254. An objective standard of reasonableness governs both inquiries. *Baker v. Alderman*, 158

F.3d 516, 524 (11th Cir. 1998); *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987) (en banc).

A legal claim is frivolous if no reasonably competent attorney could conclude that it has any reasonable chance of success or is a reasonable argument to change existing law. *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628 at 665 (11th Cir. 2010) (Tjoflat, J., concurring), (citing *Worldwide Primates*, 87 F.3d at 1254); *see also Davis v. Carl*, 906 F.2d 533, 538 (11th Cir.1990) (legal claims are objectively frivolous when they ignore the plain language of a statute or deliberately fail to cite adverse controlling law).

A factual claim is frivolous if no reasonably competent attorney could conclude that it has a reasonable evidentiary basis, because it is supported by no evidence or only by "patently frivolous" evidence. *Id.* at 535–37. When, however, the evidence supporting a claim is reasonable, but only weak or self-serving, sanctions cannot be imposed. *Thompson*, 610 F.3d at 665 (Tjoflat, J., concurring) (citing *Davis*, 906 F.2d at 536). "Rule 11 is intended to deter claims with *no* factual or legal basis at all; creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment." *Davis*, 906 F.2d at 538 (emphasis in original).

    2. <u>Plaintiff's claims were not frivolous.</u>

Essentially, Defendants contend that because Plaintiffs did not allege specific factual allegations that supported the claims against Rey in the Second Amended Complaint, those claims were frivolous. (ECF No. 124 at 12-15). Defendants surmise that

4

Plaintiff's brought claims against Rey to simply to harass Lamus and his family. (ECF No. 124 at p. 9, ¶ 13). [1]

In their Motion, however, Defendants themselves point to evidence cited by Plaintiffs in support of the Rey Claims, including that "on or about August 5, 2015, Rey presented the success of Enchanté and its cosmetic business to Mateu" and that she was "Enchanté's 'sales agent of securities' and 'promoter of her husband's company.'" (ECF No. 124 at p. 3-4, ¶ 3). Defendants further acknowledge that "Plaintiffs identify certain alleged misrepresentations and omissions" although they were not specifically attributed to Rey, but to Lamus and Rey together. (ECF No. 124 at p. 4, ¶ 4 & p. 13).

Defendants also argue that, regardless of the allegations in the pleadings, Plaintiffs should be sanctioned because they can point to no evidence to support their claims, (ECF No. 127 at 3-5). I disagree. As noted by Defendants, Plaintiffs testified that Rey made verbal representations regarding the company's turnover on the sales side, new openings and client satisfaction, including discussing sales and "increasing percentages" in general terms. (ECF No. 124 at ¶ 5). Defendants argue that Fernando Mateu testified that Rey "primarily discussed Enchanté with his wife," and made few representations directly to Mateu. (ECF No. 124 at p. 5, ¶ 6). This does not undermine Plaintiffs' claim against Rey, because both Fernando Mateu and his wife, Delores de Luca, brought suit against Rey.

---

[1] In their Motion, Defendants state that the claims against Ms. Rey are both legally and factually frivolous, (ECF No. 124 at 12), but their argument is limited to whether there was sufficient factual support for the claim. *See generally* (ECF No. 124 at 12-15).

(ECF No. 106 at 9) (defining "Mateu" to include both Fernando Mateu and Maria Dolores De Lucas),

Rule 11 is not a substitute for challenging a party's pleadings pursuant to Rule 12(b)(6) for failure to state a claim; and Defendants' arguments for sanctions essentially restate their arguments for dismissal of the claims pursuant to Rule 12(b)(6). Under Rule 11, a claim is factually frivolous only when it is supported by no evidence or only by "patently frivolous" evidence. *See Davis,* 906 F.2d at 535–37. In *Davis*, the Eleventh Circuit provided an example of a case supported by only patently frivolous allegations, which contrasted to the case then before the court:

> In *Collins,* for example, the appellant made the unlikely claim that two lawyers and a judge's secretary had conspired to deprive him of a fair recusal hearing by concealing the true condition of a terminally ill judge. Although the district court had already dismissed this unusual claim, the appellant simply repeated it in a second lawsuit, although this time alleging a different group of conspirators. In *Collins,* we affirmed the district court's imposition of Rule 11 sanctions in a case in which the appellant offered *no* cognizable evidence of a conspiracy between any of the defendants. The evidence in *Collins* was patently frivolous; the evidence in the instant case was merely weak. We might agree that the appellants used poor judgment in pursuing their allegations. We do *not* perceive in the appellants' conduct, however, the deliberate indifference to obvious facts that compels a court's resort to Rule 11 sanctions.

*Davis*, 906 F.2d at 536–37.

Here, the lengthy arguments from both sides illustrate why sanctions are not warranted here – there is considerable room for debate regarding the meaning and sufficiency of the testimony and documents which Defendants attempt to advance as inarguable evidence of bad faith. Some evidence that was not patently frivolous supported the claims against Rey, and sanctions are not appropriate.

Defendants' argument that Plaintiffs filed suit against Rey solely to harass Lamus and his family is without evidentiary support. Defendants point to no evidence that Plaintiffs were motivated by such an improper purpose. (ECF No. 124 at p. 9, ¶ 13). The deposition testimony and text message which Defendants contend show Plaintiffs' improper motives in bringing the lawsuit, reflect the Plaintiffs' belief that Defendants defrauded them and Plaintiffs' desire to hold Defendants accountable for this. *Id.* This supports Plaintiffs good faith basis for bringing the Rey Claims, rather than their intention to simply harass Defendants.

## III. RECOMMENDATION

Based on the foregoing, I **RECOMMEND** that the Court **DENY** Defendants' Motion for Sanctions, (ECF No. 124).

## IV. OBJECTIONS

No later than fourteen days from the date of this report and recommendation, the parties may file any written objections to this Report and Recommendation with the Honorable Robert N. Scola, Jr., who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1 (2016).

RESPECTFULLY RECOMMENDED in Miami, Florida this 31st day of July 2020.

                                                                                          _____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable Robert N. Scola, Jr.
        Counsel of record