United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Julian Fernau, and others, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 18-20866-Civ-Scola |
| ) | |
| Enchante Beauty Products, Inc. ) | |
| and others, Defendants. ) | |

### Order Adopting Magistrate's Report and Recommendation

This matter was referred to United States Magistrate Judge Chris M. McAliley for a report and recommendation (the "Report") on the Defendants' motion for sanctions pursuant to Federal Rule of Civil Procedure 11 (ECF No. 124.) On July 31, 2020, Judge McAliley recommended that the motion for sanctions be denied. (ECF No. 167.) The Defendants filed objections to the Report on August 14, 2020 (ECF No. 178) and on August 28, 2020 the Plaintiffs responded to the Defendants' objections (ECF No. 182). For the reasons set forth below, having reviewed the Defendants' objections, the Court finds the Magistrate Judge's Report cogent and compelling and accordingly **affirms and adopts** the Report. (**ECF No. 167**.)

**1. Background**

In March 2018, Julian Fernau filed suit against Defendants Enchante Beauty Products, Inc. and Raul Lamus for violation of state and federal securities statutes, Florida's Civil Remedies for Criminal Practices Act, Fla. Statute § 772.101 *et seq.*, and for common law fraud (ECF No. 1).

In September 2018, Plaintiff filed a first amended complaint (ECF No. 20) which added Fernando Mateu and Maria Dolores de Lucas as additional plaintiffs. The first amended complaint additionally added Maria Fernanda Rey, Lamus's wife, as an additional defendant. The Complaint was subsequently amended two more times, and through each iteration of the Complaint, Plaintiffs asserted claims that Lamus and Rey defrauded them by making misstatements and omissions which caused them to invest in Enchante. (ECF Nos. 106, 138.)

Defendants filed the instant motion for sanctions after Plaintiffs filed their second amended complaint, asking the Court to sanction Plaintiffs pursuant to Federal Rule of Civil Procedure 11. (ECF No. 124.) The motion was filed in a manner consistent with Rule 11's "safe harbor" provision and the Magistrate Judge stayed resolution of that motion pending final disposition of the lawsuit.

(ECF No. 156.) On May 21, 2020, the Court dismissed Plaintiffs' third amended complaint with prejudice, and closed the case. (ECF No. 161.) On July 31, 2020, Magistrate Judge McAliley issued her Report on Defendants' motion for sanctions and recommended that Defendants' motion be denied. (ECF No. 167.) Defendants timely objected to the Report, and the Court now considers those objections (ECF No. 178) and Plaintiffs' responses to those objections (ECF No. 182).

### 2. Legal Standards

In order to challenge the findings and recommendations of a magistrate judge, "a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir.1989)) (alterations omitted). The objections must also present supporting legal authority. Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783-84 (quoting *Heath,* 863 F.2d at 822) (alterations omitted). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Id.* at 784 (quoting *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir.1999)). A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009).

Rule 11 provides that attorneys must make a reasonable inquiry into the facts and law of a case or face potential sanctions for their failure to do so. Fed. R. Civ. Proc. 11; *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). Faced with a Rule 11 motion, a court must determine whether a party's claims are objectively frivolous in view of the facts or law and if the person who signed the pleadings would have been aware of that fact had they made a reasonable inquiry into the claims they have advanced. *Worldwide Primates*, 87 F.3d at 1254. A legal claim is frivolous if no reasonably competent attorney could conclude that it has any reasonable chance of success or is a reasonable argument to change existing law. *Id.* A factual claim is frivolous if no reasonably competent attorney could conclude that it has a reasonable evidentiary basis. *Davis v. Carl*, 906 F.2d 533, 537 (11th Cir. 1990).

### 3. Analysis

Defendants raise two grounds for objection to the Magistrate Judge's report. First, Defendants argue that it was error for the Magistrate Judge to find that the Plaintiffs cited evidence in support of their claims against Defendant Rey by looking to paragraphs three and four of Defendants' motion for sanctions, which in turn point to allegedly unsupported statements in Plaintiffs' pleadings. (ECF No. 178, at 4.) Second, Defendants argue that the Magistrate Judge erroneously found that the Defendants used Rule 11 as a substitute to challenge pleadings pursuant to Rule 12(b)(6). (ECF No. 178, at 5.) Part and parcel with this second objection is the Defendants' argument that it was error to conclude that the lengthy arguments advanced by both parties with respect to the propriety of this motion indicate the Defendants' Rule 11 motion is an improper challenge to Plaintiffs' pleadings. (ECF No. 178, at 5.) The Court will address each objection in turn.

With respect to Defendants' first objection, the Court finds it was not error for the Magistrate Judge to cite as support for her findings paragraphs three and four of Defendants' motion for sanctions. Indeed, these paragraphs, which cite to statements from Plaintiffs' second amended complaint are supported by depositions taken in this case, indicating that Plaintiffs had a reasonable basis to put forth these assertions in its complaint. Defendants' selective quoting of depositions cannot defeat the fact there was a good faith factual basis for these assertions. (*See* ECF No. 178, at 6.) Even the supposedly damning deposition excerpts cited by Defendants seem to support that Plaintiffs had a good faith basis to assert Defendant Rey "presented the success of Enchante and its cosmetic business" to Plaintiffs and that Rey was a "sales agent" and "promoter" of the business. (ECF No. 167, at 5.) For instance, an exchange during Mr. Mateu's deposition, cited by Defendants indicates that Defendant Rey made representations to Mr. Mateu about "the general condition of the company." (ECF No. 178, at 6, n.2.) In their response to Defendants' objections, Plaintiffs provide numerous additional examples from Mr. Mateu and Ms. Lucas's depositions which provide further support still for the assertions put forth in Plaintiffs' complaint.

Next, Defendants argue that the Magistrate Judge erroneously stated that Defendants used a Rule 11 motion to improperly challenge Plaintiffs' pleadings. The Magistrate Judge cited the lengthy arguments advanced by both sides as evidence for this assertion. As the Magistrate Judge correctly stated, a claim is frivolous only when it is supported by no evidence, or patently frivolous evidence. (ECF No. 167, at 6 (citing *Davis*, 906 F.2d at 535-37).) The Court agrees, for reasons stated above, that Defendants used their Rule 11 motion to improperly

challenge Plaintiffs pleadings in this case and that it was not improper to turn to the colorable arguments advanced by both Plaintiffs and Defendants with respect to this motion in support of that assertion.

Finally, it appears Plaintiffs, without specifically moving the Court to do so, ask this Court sanction Defendants' counsel for what Plaintiffs' assert was a frivolous motion for sanctions. While the Court agrees it appears Defense counsel may have been inaccurate in its representation of the record in support of its motion, the Court nonetheless declines to impose sanctions.

In sum, the Court **affirms and adopts** Magistrate Judge McAliley's Report. (**ECF No. 167**.)

**Done and ordered** in chambers, at Miami, Florida, on September 18, 2020.

*/s/*
Robert N. Scola, Jr.
United States District Judge