UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-20866-SCOLA/MCALILEY

JULIAN FERNAU, FERNANDO
MATEU and MARIA DOLORES
DE LUCAS,

      Plaintiffs,

v.

ENCHANTE BEAUTY PRODUCTS,
INC., RAUL LAMUS and MARIA
FERNANDA REY,

      Defendants.
_____/

**OMNIBUS REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTIONS FOR COSTS AND ATTORNEYS' FEES**

Pending before the Court is Defendant Enchante Beauty Products, Inc.'s ("Enchante") Motion for Costs (ECF No. 172), Defendants Raul Lamus ("Lamus") and Maria Fernanda Rey's ("Rey") Motion for Costs (ECF No. 173) and Enchante, Lamus and Rey's Motion for Attorneys' Fees (ECF No. 190). The Motions have been fully briefed (ECF Nos. 180, 184, 191, 194), and the Honorable Robert N. Scola, Jr. referred them to me for a report and recommendation. (ECF Nos. 66, 176).

After careful review of the parties' legal memoranda, the record in this case and the applicable law, for the reasons that follow I recommend that the Court deny Defendants' Motions for Costs (ECF Nos. 172, 173) and grant in part Defendants' Motion for Attorneys' Fees (ECF No. 190).

1

## I.     BACKGROUND

Plaintiff Julian Fernau ("Fernau") filed the initial Complaint in March 2018, alleging Enchante and Lamus violated state and federal securities fraud laws, and the Florida Racketeer Influenced and Corrupt Organizations ("RICO") Act. (ECF No. 1). Fernau alleged that Lamus, the chief executive officer and a director of Enchante, made misstatements and omissions to defraud Fernau into investing $62,500 in Enchante. (*Id.*).

Lamus moved to dismiss the Florida civil RICO claim for the failure to state a claim, arguing that Fernau failed to allege a pattern of racketeering activity and failed to plead that claim with specificity akin to a fraud claim under Civil Rule of Procedure 9(b). (ECF No. 17). He also moved for a more definite statement for the "sale of securities" claims and argued that the written agreements attached to the Complaint nullified Plaintiff's claims. (*Id.*).

Before Fernau responded to the motion to dismiss, Plaintiffs Fernando Mateu and Maria Dolores De Lucas (the "Mateu Plaintiffs") joined the lawsuit, and they and Fernau filed the First Amended Complaint ("FAC"). (ECF No. 20). The FAC added Lamus' wife, Rey, as a defendant. (*Id.*). In addition to the allegations in the initial Complaint, Plaintiffs asserted that Lamus and Rey, through misstatements and omissions, defrauded the Mateu Plaintiffs into investing $106,000 into Enchante. They also added claims for common law fraud. (*Id.*).

Enchante and Lamus moved to dismiss the FAC for failure to state a RICO claim under Florida law, arguing that Plaintiffs failed to allege a RICO enterprise that was distinct from the RICO defendants, and failed to allege a pattern of racketeering activity. They also

reiterated their argument that the parties' written agreements contradicted the alleged misrepresentations upon which the securities and common law fraud claims were based. (ECF Nos. 57, 68).[1] This time, though, Defendants did not move for a more definite statement. (*Id.*).

Before the Court addressed the motion, Plaintiffs filed a Second Amended Complaint ("SAC"), again alleging that Defendants committed securities and common law fraud, and violated the Florida RICO Act. (ECF No. 106). Enchante, Lamus and Rey filed a consolidated motion to dismiss the SAC, arguing that Plaintiffs failed to state a RICO claim against all Defendants and failed to state any claim, including fraud, against Rey. (ECF No. 115). Defendants repeated their earlier arguments that the RICO claim was deficient and must be dismissed. (*Id.*). With respect to the fraud claims against Rey, they argued that Plaintiffs did not plead adequate allegations, including facts regarding the scienter element, to meet the particularity requirement under Rule 9(b). (*Id.*). Enchante and Lamus did not challenge the fraud claims against them. (*Id.*).

I issued a Report and Recommendation on the consolidated motion to dismiss the SAC, which Judge Scola adopted. (ECF Nos. 129, 132). The Court dismissed the Florida RICO claims against all Defendants with prejudice because Plaintiffs did not allege a RICO enterprise distinct from the Defendants and did not allege that Defendants engaged in a pattern of racketeering activity. The Court dismissed the fraud claims against Rey without

---

[1] Rey had not yet been served and had not appeared in the lawsuit.

prejudice because Plaintiffs failed to satisfy the heightened pleading standard under Rule 9(b).

Plaintiffs thereafter filed a Third Amended Complaint ("TAC"), revising the fraud claims against all Defendants. (ECF No. 138). Defendants again filed a consolidated motion to dismiss the TAC for failure to state a claim. (ECF No. 140). Defendants argued, for the first time, that Plaintiffs failed to adequately allege that they relied on a particular misrepresentation or omission when they invested in Enchante. (*Id.*). Rey also argued that Plaintiffs failed to allege that she acted with the requisite scienter, as Plaintiffs again failed to explain what Rey knew about the company's affairs or Lamus' representations. (*Id.*). Defendants asked the Court to dismiss the TAC with prejudice. (*Id.*).

I issued another Report and Recommendation and recommended that the Court dismiss the TAC without prejudice because Plaintiffs failed to adequately allege the reliance element of their fraud claims against all Defendants and, as to Rey, Plaintiffs again failed to adequately plead scienter. (ECF No. 155). Judge Scola adopted my recommendation in part and dismissed the TAC with prejudice. (ECF No. 160). Judge Scola agreed that Plaintiffs failed to plead specific facts to meet the reliance element as to all Defendants and the scienter element as to Rey, but found that Plaintiffs had had enough opportunities to state a claim against the Defendants such that dismissal with prejudice was warranted. (*Id.*).

The instant motions for costs and attorneys' fees followed. Defendants ask to recover a total of $11,543.60 in costs and $156,476.50 in attorneys' fees from Plaintiffs. (ECF Nos. 184, 190). For the reasons explained below, I conclude that the Court should

exercise its discretion and deny Defendants' request for costs, because Defendants failed to comply with the Local Rules. I also conclude that Defendants are entitled to an award of reasonable attorneys' fees, but that the amount sought should be reduced.

## II.    COSTS

Plaintiffs ask the Court to deny Defendants' Motions for Costs because Defendants failed to comply with the pre-filing conference requirement under Local Rules 7.3(c) and 7.1(a)(3). (ECF No. 180 at 5-9). Local Rule 7.3(c) provides:

> A bill of costs pursuant to 28 U.S.C. § 1920 shall be filed and served within thirty (30) days of entry of final judgment or other appealable order that gives rise to a right to tax costs under the circumstances listed in 28 U.S.C. § 1920. Prior to filing the bill of costs, the moving party *shall confer* with affected parties under the procedure outlined in S.D. Fla. L.R. 7.1(a)(3) *in a good faith effort* to resolve the items of costs being sought.

S.D. Fla. L.R. 7.3(c) (emphasis added). Local Rule 7.1(a)(3), which sets forth the requirements of a valid pre-filing conference, provides that "[f]ailure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion . . . ." S.D. Fla. L.R. 7.1(a)(3). *See J.B. Hunt Transp., Inc. v. S&D Transp., Inc.*, 589 F. App'x 930, 933 (11th Cir. 2014) (affirming denial of motions for attorneys' fees, expenses and costs, for violation of Local Rule 7.3 and noting that "[d]istrict courts enjoy broad discretion in deciding how best to manage the cases before them.").

Defendants' counsel certified in their Joint Memorandum in Support of their Motions for Costs, filed August 12, 2020, "that they conferred with counsel for Plaintiff on August 6, 9, and 10, 2020, via e-mail, regarding the relief sought in this motion in a

good faith effort to resolve the issues, but were unable to do so." (ECF No. 174 at 6). Plaintiffs object to this certification, arguing that counsel did not confer in a good faith effort about the costs Defendants could recover. (ECF No. 180 at 5-9). Careful review of the parties' conferral process leads me to agree with Plaintiffs.

After the close of business on Thursday, August 6, 2020, at 5:32 p.m., Defendants' counsel emailed Plaintiffs' counsel a copy of Defendants' Bill of Costs and asked whether Plaintiffs had any opposition. (ECF No. 180-1 at 2). The next day, on Friday at 4:12 p.m., defense counsel sent another email, imposing a deadline of noon on Monday, August 10th, for Plaintiffs' counsel to advise of his position or "[Defendants] will indicate that we were unable to confer regarding this issue." (*Id.* at 3). Plaintiffs' counsel responded on Saturday morning, August 8th, stating that he would review the Bill of Costs in the next few days, and asked defense counsel to provide supporting documentation. (*Id.* at 4). Defense counsel emailed Plaintiffs' counsel the requested documents on Sunday, August 9th. (*Id.* at 6).

On Monday afternoon, defense counsel again emailed Plaintiffs' counsel and imposed a 24-hour deadline, stating that Defendants intended to file their respective Bill of Costs the following day, August 11th, by 4:00 p.m. (*Id.* at 8). Plaintiffs' counsel promptly responded, explaining that he had not yet been able to review the supporting documents that defense counsel sent him the day before (on a Sunday), and asked her to allow him a few more days to determine Plaintiffs' position. (*Id.* at 11). Defense counsel replied that she would wait one additional day, until Wednesday, August 12th, to file the Bill of Costs as she planned to leave for vacation at the end of the week and would be busy with depositions. (*Id.*).

The next morning, Plaintiffs' counsel responded, stating: "I will do my best to get to this by Wednesday, but understand that I do have priority filing and transaction deadlines. Worst case, we can always handle on your return. If you will need an extension beyond the 30 day limit, no problem. There are points I need to research on this request…."[2] (*Id.* at 14). Defense counsel replied the following afternoon, on August 12, at 2:55 p.m., stating: "Understood. I will reflect to the Court that we were unable to resolve the relief requested and file this afternoon." (*Id.*). Approximately one hour later, Defendants filed their respective Bills of Costs. (ECF Nos. 172, 173).

This record does not reflect a good faith effort by defense counsel to confer with Plaintiffs' counsel to try to reach agreement on allowable costs, as Local Rules 7.3(c) and 7.1(a)(3) require. Defense counsel initially imposed on Plaintiffs' counsel a one business day deadline to consider her Bill of Costs – that she sent without the supporting documentation. (ECF No. 180-1 at 2). It is patently unreasonable to expect Plaintiffs' counsel to meaningfully evaluate the Bill of Costs, much less confer with his clients, under those circumstances. Once defense counsel provided the supporting documentation, she again granted Plaintiffs' counsel one business day to consider the information, another patently unreasonable deadline. (*Id.* at 6, 8). Despite Plaintiffs' counsel's request for "a few [more] days" to review the documents and conduct any necessary research, defense counsel extended the deadline she created by just one day. (*Id.* at 11, 14). In all, Plaintiffs'

---

[2] Plaintiffs' opposition memorandum reflects that counsel did indeed conduct research, which likely influenced Defendants, as they subsequently reduced or withdrew certain costs in their Reply memorandum. (ECF Nos. 180 at 13-18, 184 at 6-11) This highlights the value and importance of a good-faith pre-filing conference between counsel.

counsel had two business days from receipt of Defendants' supporting documentation to review, research and confer with his clients before Defendants filed their Bill of Costs. A meaningful conferral process in that short timeframe is unrealistic given there were no exigent circumstances, significant money was at stake, and counsel had other, pre-existing pending deadlines.

Importantly, Plaintiffs' counsel did not drag his feet. He promptly responded to defense counsel's emails, even on a weekend, and provided the reasons why he could not meet her deadlines. Plaintiffs' counsel agreed to extend the deadline for Defendants to file their Bill of Costs, if defense counsel thought an extension became necessary, so that the parties would have enough time to meaningfully confer. (*Id*. at 14). Defense counsel's urgency was of her own making, as she was leaving on vacation and busy with depositions. (*Id*. at 11). Defense counsel is not a solo practitioner; she belongs to a highly competent and well-staffed law firm that surely had other attorneys who could handle the matter in her absence or assist upon her return. The rush to file was also completely unnecessary, as defense counsel believed the filing deadline was August 27, 2020, (ECF No. 184 at 3) – a full two weeks after Defendants filed their Bills of Costs.[3] If defense counsel believed she would not have the time to respond to Plaintiffs' critique of her requested costs after her return from vacation, she should have taken Plaintiff up on his offer, and filed a simple unopposed motion for additional time to file her Bill of Costs.

---

[3] The parties disagree as to when the 30-day deadline to file expired. Plaintiffs' counsel believes the deadline was September 7, 2020, which is 30 days after the entry of Final Judgment. (ECF No. 180 at 8).

The Court expects counsel to meaningfully confer and attempt to reach agreement, before they seek court intervention. Defense counsel's actions here pay lip service to this obligation. Her emails reflect a growing, unjustified impatience and an unwillingness to work with Plaintiffs' counsel, rather than a serious effort to confer in good faith to resolve the costs that her clients would ask this Court to award. The consequence set forth in Local Rule 7.1(a)(3), that the Court may deny the motion for failure to comply with its requirements, is necessary here, lest the pre-filing conference mandate be rendered meaningless.

For the foregoing reasons, I recommend that the Court exercise its discretion to deny Defendants' Motions for Costs, (ECF Nos. 172, 173), for failing to comply with Local Rules 7.3(c) and 7.1(a)(3). *See*, *e.g.*, *J.B. Hunt Transp., Inc. v. S&D Transp., Inc.*, 589 F. App'x 930, 933 (11th Cir. 2014) (finding failure to comply with Local Rule 7.3 constituted "an independently sufficient basis" to deny motions for attorneys' fees, expenses and costs); *Sodikart USA v. Geodis Wilson USA, Inc.*, 14-CV-22461, 2014 WL 6968073, at *6 (S.D. Fla. Dec. 9, 2014) (denying motion and finding that defense counsel did not comply with Rule 7.3 when he emailed Plaintiff's counsel one time and Plaintiff's counsel declined to confer at that time).

## III.   ATTORNEYS' FEES

### A.   Entitlement

Each party is responsible for its own attorneys' fees unless a statute or enforceable contract requires the opposing party to pay those fees. *Rothenberg v. Sec. Mgmt. Co., Inc.*, 736 F.2d 1470, 1471 (11th Cir. 1984) (citation omitted). Defendants seek an award of

attorneys' fees under both the Florida Securities Act, Fla. Stat. § 517.211(6), and Florida's Civil Remedies for Criminal Practices Act, Fla. Stat. § 772.104(3).[4] Plaintiffs do not contest either statute's applicability, but object to Defendants' entitlement to fees under each.[5] I discuss the statutes in turn.

1.    Fla. Stat. § 517.211(6)

Florida Statutes § 517.211(6) states as follows: "In any action brought under this section, including an appeal, the court shall award reasonable attorneys' fees to the prevailing party *unless the court finds the award of such fees would be unjust*." Fla. Stat. § 517.211(6) (emphasis added). There is no dispute that Defendants are the prevailing party, as final judgment has been entered in their favor. (ECF No. 171). However, "[t]here

---

[4] Plaintiffs contend that Lamus does not have standing to recover fees incurred by Enchante because Lamus purportedly lacked authority to represent the company in this litigation. (ECF No. 91 at 13-16). The Court previously rejected Plaintiffs' standing argument, (ECF No. 62), and they offer no basis on which to reassert it at this late stage, *after* the Court has entered final judgment in Enchante's favor. (ECF No. 171). Plaintiffs' standing argument also has no bearing on Enchante's entitlement to attorneys' fees because Enchante is undisputedly a prevailing party.

[5] Plaintiffs also argue that Defendants failed to comply with Local Rule 7.3(a)(4) because they did not provide proof that they paid the attorneys' fees billed. (ECF No. 191 at 11-13). I disagree. Local Rule 7.3(a)(4) requires the movant to "disclose the terms of any applicable fee agreement". Nothing in the language of this Local Rule, nor the cases Plaintiffs cite, requires Defendants to provide proof of payment. *See, e.g., Guevara v. Fla. E. Coast Ry., LLC*, No. 18-CV-24726, 2020 WL 5578960, at *3 (S.D. Fla. Aug. 7, 2020) (defendant did not dispute that it "failed to provide the terms of any applicable fee agreement to Plaintiff"); *Asbun v. Resende*, 15-cv-61370, 2016 WL 4272372, at *2 (S.D. Fla. Aug. 4, 2016) (requiring production of fee agreement but noting it is not required under Local Rule 7.3); *Sriskada v. Harbor Pita, Inc.*, No. 14-20526-CIV, 2015 WL 4041298, at *1 (S.D. Fla. Jul. 1, 2015) (motion did not disclose any applicable fee agreement).

Defendants submitted three sworn declarations that set forth the terms of their engagement, *see* (Casey Decl., ECF No. 190-1 ¶ 8; Fotiu-Wojtowicz Decl., ECF No. 190-3 ¶ 9; Alvarez Decl., ECF No. 190-5 ¶ 7), and defense counsel provided Plaintiffs with copies of their Engagement Agreements. *See* (ECF No. 194-1). Defendants also submitted all the monthly fee invoices, *see* (ECF Nos. 190-1 at 19-51; 190-3 at 24-72; 190-5 at 12-19), and defense counsel states that Defendants have either paid, or are legally obligated to pay, all amounts billed. (ECF No. 194 at 7). On this record, I find that Defendants complied with the requirements of Local Rule 7.3(a)(4).

is little Florida authority construing what the word 'unjust' means within the context of this statute . . . ." *Shoreline Foundation, Inc. v. Brisk*, 278 So. 3d 68, 76 (4th DCA 2019) (citation omitted). Courts that have considered the issue evaluate the following factors: "(1) the relative economic resources of the parties; (2) the public policy behind the statute authorizing an award of attorney's fees; and (3) whether or not the claims made by the non-prevailing plaintiff were substantially justified." *BJCC, LLC v. LeFevre*, No. 8:09-CV-551-T-17EAJ, 2011 WL 5597305, at \*2 (M.D. Fla. Oct. 11, 2011) (citation omitted); *see also Taylor v. E.F. Hutton & Co., Inc.*, 40 Fla. Supp. 2d 144, 149 (Fla. 12th Cir.Ct.1990); *Durden v. Citicorp Trust Bank, FSB*, 763 F. Supp. 2d 1299, 1304 (M.D. Fla. 2011); *Raymond James & Assocs., Inc. v. Golin*, No. 94-01599, ECF No. 191-2 at 2 ¶ 3(a), (Fla. 13th Cir.Ct.1995).

Plaintiffs do not argue that the first factor renders an award of fees unjust, nor do they provide any evidence demonstrating an inability to pay. *See BJCC, LLC*, 2011 WL 5597305 at \*2. The second and third factors are intertwined because "the policy implications behind a private citizen suit are derivative of the suit's justification—public policy supports private citizen suits of meritorious claims that ultimately fail, but no public policy is vindicated when a private citizen brings a suit without merit or justification." *Durden*, 763 F. Supp. 2d at 1305 n.5. I thus focus my analysis on the third factor, whether Plaintiffs' Florida securities fraud claims were substantially justified.

The parties do not cite any decisions that evaluate this factor in the context of a case dismissed at the pleading stage. My own research has identified just one, *BJCC, LLC*, 2011 WL 5597305, at \*2-3. In *BJCC*, the district court held that it was not unjust to award

11

fees to the prevailing defendant because it found that the plaintiff's claim "was not substantially justified." *Id.* at *2. The court explained:

> Plaintiff's [Florida Securities and Investor Protection Act ("FSIPA")] claim was twice dismissed by the court. Even after Plaintiff amended its complaint, the court found that Plaintiff did not, and could not, state a FSIPA claim against [Defendant] as [Defendant] did not sell or solicit the sale of a security to Plaintiff, nor did [Defendant] have any knowledge regarding the terms of the investment transaction at issue, but merely provided accurate information regarding the terms of the loan it made to [another Defendant].

*Id.*

Other courts that have addressed whether a losing claim was nonetheless substantially justified, have done so on a more complete record. *See*, *e.g.*, *Shoreline Found., Inc. v. Brisk*, 278 So. 3d 68, 76 (Fla. 4th DCA 2019) (determination of fee award made after trial); *Dillon v. Axxsys*, No. 8:98-cv-2237-T-23TGW, 2006 WL 3841809, at *9-10 (M.D. Fla. Dec. 19, 2006), *aff'd*, 233 F. App'x 982 (11th Cir. 2007) (same); *Raymond James & Assocs., Inc. v. Golin*, No. 94-01599, ECF No. 191-2 (Fla. 13th Cir.Ct.1995) (determination made after arbitration and an evidentiary hearing). This Court does not have the advantage of a full record. Here, it cannot go behind the pleadings and there is no evidentiary record to evaluate. Thus, as the *BJCC* Court did, I must evaluate whether Plaintiffs' Florida Securities Act claims (collectively, the "Fraud Claims") were substantially justified considering Defendants' various motions to dismiss.

### a.   Defendant Rey

Defendant Rey was not served with process until Plaintiffs' Second Amended Complaint, and therefore I consider the Fraud Claims against her separately from the other

Defendants. The Court dismissed all Fraud Claims against Rey in the SAC because Plaintiffs failed to plead those claims with requisite particularity. (ECF Nos. 129, 132). The Court thoroughly explained its reasons for dismissal, *see* (*id.*), yet Plaintiffs failed to remedy their pleading deficiencies when given the opportunity to amend. *See* (ECF No. 161). Instead, Plaintiffs "said virtually the same thing" in the Third Amended Complaint, (*id.*), which Rey again moved to dismiss, (ECF No. 140). The Court ruled in Rey's favor and dismissed the Fraud Claims against her with prejudice. (ECF No. 161). On this record, I conclude that Plaintiffs' Fraud Claims against Rey were not substantially justified, and therefore, an award of fees would not be unjust. *See BJCC, LLC*, 2011 WL 5597305, at *2; *Durden*, 763 F. Supp. 2d at 1304 (finding an award of attorneys' fees was not unjust where the plaintiffs' claims were "neither justified nor meritorious"). Accordingly, I find that Rey is entitled to recover her attorneys' fees under the Florida Securities Act.

### b.  Defendants Enchante and Lamus

I turn next to Defendants Enchante and Lamus. Lamus was the only defendant served with the initial Complaint. With respect to the Fraud Claims, Lamus moved for a more definite statement. (ECF No. 17 at 8). The Court did not issue a ruling because Plaintiffs filed a First Amended Complaint. (ECF No. 20). Enchante and Lamus each moved to dismiss the Fraud Claims in that Complaint, arguing that the written agreements attached to the FAC contradicted Plaintiffs' allegations. (ECF Nos. 57 at 9-10, 68 at 6). Neither party sought a more definite statement, as Lamus had done before.

Before the Court resolved their motions to dismiss, Plaintiffs filed the Second Amended Complaint. (ECF No. 106). Enchante and Lamus, along with Rey, filed a consolidated motion to dismiss the SAC. (ECF No. 115). All Defendants moved to dismiss the Florida RICO claim, but only Rey moved to dismiss the Fraud Claims. (*Id*.). Enchante and Lamus did not renew their argument that Plaintiffs' Fraud Claims against them were contradicted by the parties' written agreements. (*Id*.).

The Court dismissed the Florida RICO claim with prejudice, and the Fraud Claims against Rey without prejudice. (ECF Nos. 129, 132). The Fraud Claims against Enchante and Lamus in the SAC were unaffected by the Court's ruling, as they did not seek dismissal of those claims. (ECF No. 140 at 8) (acknowledging that Enchante and Lamus "moved to dismiss only" the Florida RICO claim of the SAC and "did not seek to dismiss the securities and common law fraud claims against them.").

Even though Plaintiffs received permission to amend their Fraud Claims against Rey only, their Third Amended Complaint revised the fraud allegations against all Defendants. Defendants again filed a consolidated motion to dismiss the TAC. (ECF No. 140). Enchante and Lamus argued that Plaintiffs' amendment of the Fraud Claims against them was "unauthorized and improper", (*id*. at 8-11), and, along with Rey, argued that the Fraud Claims failed to state a cause of action because Plaintiffs did not allege reliance, (*id*. at 11-14). The Court agreed and dismissed the TAC with prejudice. (ECF No. 161).

This record does not support a finding that Plaintiffs' Fraud Claims against Enchante and Lamus as alleged in the initial Complaint, the FAC and the SAC lacked

substantial justification. The Court denied the first and second motions to dismiss as moot without reaching the merits of Defendants' arguments. Notably, in their third motion to dismiss, Enchante and Lamus abandoned their earlier arguments and did not move to dismiss the Fraud Claims against them; apparently a recognition that those claims were well-pled. Enchante and Lamus did, however, prevail in their effort to dismiss the Fraud Claims alleged in the TAC. Judge Scola agreed with their argument that Plaintiffs' "unauthorized pleadings are not properly before the Court . . . ." (ECF No. 161 at 2). In my view, the Court's finding that the Fraud Claims alleged against Enchante and Lamus in the TAC were unauthorized, leads to the conclusion that those claims were not substantially justified.

In sum, for the foregoing reasons, I conclude that Enchante and Lamus are not entitled to attorneys' fees incurred in connection with the Florida Securities Act claims asserted in the initial Complaint, the FAC and the SAC because an award of fees would be unjust. However, I conclude that Enchante and Lamus *are* entitled to attorneys' fees incurred litigating the Florida Securities Act claims asserted in the TAC because an award of those fees would not be unjust.

## 2.      Fla. Stat. § 772.104(3)

Section 772.104(3) of the Florida civil RICO Act provides:

> The defendant shall be entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim which was *without substantial fact or legal support*. In awarding attorney's fees and costs under this section, the court shall not consider the ability of the opposing party to pay such fees and costs.

Fla. Stat. § 772.104(3) (emphasis added). This is a "less stringent standard" in order "to discourage frivolous RICO claims or claims brought for the purpose of intimidation because the stigma and burden of defending such a claim is so great." *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1330-31 (11th Cir. 1998) (citation omitted).

"[A] claim that is missing an essential element is, by definition, without *any* factual evidentiary support, let alone substantial fact." *Barmapov v. Amuail*, No. 18-cv-80390, 2019 WL 11639575, at *3 (S.D. Fla. Nov. 21, 2019), *report and recommendation adopted*, 2019 WL 11639547 (S.D. Fla. Dec. 10, 2019) (citations omitted). This is decisive here, as the Court dismissed the RICO claim because Plaintiffs failed to allege two essential elements: (1) an enterprise that was distinct from the RICO defendants, and (2) a pattern of racketeering activity. (ECF Nos. 129, 132). And, this was after Plaintiffs had been put on notice, by earlier motion**s** to dismiss (that became moot when Plaintiffs amended the Complaint) that the RICO count was missing essential elements.

Dismissal of a Florida civil RICO claim with prejudice demonstrates that the claim was raised without substantial factual or legal support. *See Barmapov*, 2019 WL 11639575 at *3; *Johnson Enters. of Jacksonville, Inc.*, 162 F.3d at 1331 (reversing denial of fees where district court entered judgment as a matter of law in favor of defendants, noting that "Florida courts consistently have held that defendants are entitled to fees under § 772.104 where civil RICO counts were dismissed with prejudice or a verdict was directed in the defendant's favor . . . .") (citation omitted); *Rogers v. Nacchio*, No. 05-60667, 2007 WL 1064314, at *4 (S.D. Fla. Apr. 6, 2007) ("Since the Court dismissed the civil RICO claims,

the defendants are entitled to attorney's fees under this statute for the those [sic] counts raised under the statute."). I conclude that Defendants are entitled to an award of attorneys' fees incurred in connection with the Florida RICO claim pursuant to § 772.104(3).

### B. Amount

Defendants seek attorneys' fees totaling $156,476.50. (ECF No. 190). The breakdown is as follows: (i) $7,140.00 for 14.2 hours of Rimon, P.C.'s representation of Lamus;[6] (ii) $72,077.50 for 163 hours of Brodksy Fotiu-Wojtowicz's ("BFW") representation of Enchante, Lamus and Rey,[7] and (iii) $77,259.00 for 171.8 hours of Colson Hicks' representation of Enchante.[8]

"A party seeking to recover attorneys' fees bears the burden of providing specific and detailed evidence so that a determination can be made of the necessity of the action and the reasonableness of the time claimed for the action." *Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV, 2011 WL 9364952, at *14 (S.D. Fla. July 15, 2011) (citing *ACLU of Ga. v. Barnes*, 168 F.3d 423, 432-33 (11th Cir. 1999)). Defendants properly support their request with time records that reflect the work its attorneys and paralegals performed, and

---

[6] A review of Rimon, P.C.'s invoices reflect two billing entries that were not charged to Lamus and, thus, are not included in the 14.2 hours incurred: (i) 1.2 hours on October 2, 2018 for drafting a motion to withdraw, and (ii) 0.4 hours on October 4, 2018 for finalizing and filing the motion to withdraw. (ECF No. 190-5 at 12-13).

[7] After conferral, BFW agreed to deduct 57.4 hours (totaling $26,180.00) from the initial 220.4 hours (which totaled $98,257.50). (Fotiu-Wojtowicz Decl., ECF No. 190-3 ¶ 15).

[8] After conferral, Colson Hicks agreed to deduct 9.2 hours (totaling $4,264.00) from the initial 181 hours (which initially totaled $81,523.00). (Casey Decl., ECF No. 190-1 ¶ 14).

supporting affidavits attesting to the reasonableness of the fees requested. (ECF Nos. 190-1, 190-2, 190-3, 190-4, 190-5).

"The first step in computing a reasonable fee is to determine the lodestar, which is the product of the number of hours reasonably worked by a lawyer and a reasonable hourly rate." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000) (citation omitted).

### 1.   Hourly Rate

The reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997) (citation omitted). The Court may use its own knowledge and experience in determining the reasonableness of attorneys' fees. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted). Plaintiffs do not object to the reasonableness of the hourly rates that Defendants' counsel seeks. (ECF No. 191 at 16-18). Those rates are as follows:

- $500 for Ignacio M. Alvarez, Esq. of Rimon, P.C.

- $475 for Alaina Fotiu-Wojtowicz, Esq. of BFW

- $400 for Elizabeth Gaukroger, Esq. of BFW

- $150 for Heather Shatzel (senior paralegal) of BFW

- $125 for Annelise Abrams and Amberlynne Fernandez (junior paralegals) of BFW

- $475 for Stephanie Casey, Esq. of Colson Hicks

- $210 for Michelle Roberto (paralegal) of Colson Hicks

During the conferral process, Plaintiffs "accepted [defense counsel's] hourly rates of $475.00/hr as reasonable (although noted that they were high) to the extent that those amounts were billed and actually paid for by the client." (ECF No. 194-4 at 3). The invoices submitted by BFW and Colson Hicks reflect that they did bill Defendants $475.00 per hour for work Ms. Fotiu-Woitowicz and Ms. Casey performed. (ECF Nos. 190-1 at Ex. C, 190-3 at Ex. D). Whether Defendants have paid those invoices is not relevant to the reasonableness of counsel's hourly rate, which is determined by the prevailing market rate in the relevant legal community.

Plaintiffs are correct: these hourly rates are high. But, given their concession that an hourly rate of $475 is reasonable, I recommend that the Court award counsel the hourly rates requested, with a reduction of Mr. Alvarez's hourly rate to $475.00; the rate Plaintiffs accepted. Plaintiffs did not, however, concede that the paralegal rates are reasonable. What's more, Defendants did not submit any evidence establishing the paralegals' qualifications or experience as Local Rule 7.3(a)(5) requires. Given that the Court lacks enough information to find the paralegal rates sought are reasonable, I recommend that the Court reduce the paralegal rates to $100.00 per hour. *See Caplan v. Rehabclinics (PTA) Inc.,* No. 19-CV-62890, 2020 WL 3977140, at *4 (S.D. Fla. July 13, 2020) (recognizing that reasonable hourly rates for paralegals in this district typically range from $100-$200 and reducing paralegal rate to $95 per hour where movant did not comply with Local Rule 7.3(a)(5)).

2.   Hours Worked

Defendants are represented by three groups of attorneys, who I address in turn.

a. <u>Rimon, P.C.</u>

Rimon, P.C. represented Lamus from the inception of this action through filing of Plaintiffs' FAC. (ECF No. 190-5). Plaintiffs do not object to any billing entries of Rimon, P.C., which reflect that counsel spent 14.2 hours working on this case. (ECF No. 190-5). Mr. Alvarez explains that the principal work he performed involved reviewing and analyzing the Complaint and drafting the motion to dismiss (ECF No. 17), which focused primarily upon the Florida RICO claim. (*Id*. ¶ 10).

Given my conclusion that Lamus is not entitled to attorneys' fees incurred litigating the Fraud Claims asserted in the initial Complaint, only Rimon, P.C.'s time spent on the Florida RICO Claim is recoverable. This means that any fees incurred for work performed that is attributable equally to the RICO claim and the Fraud Claims are not recoverable because those fees would have been incurred regardless of whether Plaintiffs had asserted their RICO claim.

From my review of Rimon, P.C.'s invoices, I find that Mr. Alvarez devoted 7.9 hours of work attributable solely to the Florida RICO claim.[9] I thus recommend that the Court award **$3,752.50** in reasonable attorneys' fees for work that Mr. Alvarez performed.[10]

---

[9] The billing entries I included in this calculation are: (i) 8/21/2018 (awarding 3.7 hours of 4.9 hours billed,); (ii) 8/22/2018 (awarding 3.1 hours of 4.1 hours billed); (iii) 8/23/2018 (awarding 0.8 hours of 1.1 hours billed); and 9/17/2018 (awarding 0.3 hours of 0.4 hours billed). I carefully reviewed Lamus' motion to dismiss (ECF No. 17) and determined that approximately 25% of that motion is comprised of arguments relating to the Fraud Claims. Thus, I attributed 75% of the time reflected in the foregoing billing entries to the Florida RICO claim.

[10] An hourly rate of $475 multiplied by 7.9 hours equals $3,752.50.

b.  <u>BFW</u>

BFW represented all Defendants in this case, at various points in time. In particular, BFW represented: (i) Lamus beginning on October 25, 2018, (ECF No. 35), (ii) Enchante from December 27, 2018 until Stephanie Casey, Esq. substituted as counsel on February 22, 2019, (ECF Nos. 56, 70) and (iii) Rey beginning on June 7, 2019, (ECF No. 97). Defendants seek $72,077.50 for 163 hours of work that BFW performed.

Plaintiffs raise three objections in their opposition memorandum, that (1) fees incurred in connection with Defendants' earlier motions for costs and fees, (ECF Nos. 136, 142), are redundant, (2) fees incurred for work regarding whether Lamus had corporate authority to hire counsel on behalf of Enchante are unnecessary, and (3) fees incurred after July 31, 2020 should be excluded for failure to confer as the Local Rules require. (ECF No. 191 at 16-18).[11] I address each objection in turn.

Defendants previously filed motions for costs and attorneys' fees, which the Court denied without prejudice as premature. (ECF No. 168). Defendants agreed to deduct some

---

[11] Plaintiffs also object to billing entries Defendants incurred for time spent on Rey's motion for sanctions and Lamus' motion to set aside default. Defendants agreed to remove these entries during the conferral process and already deducted them from the total amount sought. I therefore do not address these objections.

Further, Plaintiffs now assert objections to certain billing entries that they did not raise during the conferral process. *Compare* (ECF No. 191-1), *with* (ECF No. 194-4). Local Rule 7.3(b) requires the respondent, during the parties' meet and confer, to specify "each time entry . . . to which it objects . . . and [] provide supporting legal authority." Defendants argue that the Court should disregard Plaintiffs' new objections for failure to comply with Local Rule 7.3(b). (ECF No. 194 at 10). Plaintiffs have made no attempt to justify their tardy objections. Local Rule 7.3(b) serves an important purpose that would be undermined if a party could assert objections after the fact that they could and should have raised during the conferral process. Accordingly, consistent with Local Rule 7.3(b), I decline to consider Plaintiffs' new objections.

of those associated time entries, *see* (Casey Decl., ECF No. 190-1 ¶ 14; Fotiu-Wojtowicz Decl., ECF No. 190-3 ¶ 15), but not others, arguing that counsel utilized the work performed on the previous motions in the current motions. (*Id.*). The record supports defense counsel's assertions. A comparison of the motions reflects that the pending motions include large sections that are verbatim from the earlier motions. *Compare* (ECF Nos. 142 at A, B; 142-1, 142-2, 142-3), *with* (ECF Nos. 190 at II(B)-(C); 190-2, 190-4, 190-5). Having reviewed the record and the relevant billing entries, I find that the work performed in connection with Defendants' earlier motions for costs and attorneys' fees is not redundant and is therefore compensable.

With respect to the second objection, Plaintiffs are the ones who challenged Lamus' corporate authority to hire counsel for Enchante. Plaintiffs did so on two occasions: in a motion to strike the appearance of, and all filings by, BFW on behalf of Enchante, (ECF No. 61), and again in their responses to the pending motions, (ECF Nos. 180 at 9-13, 191 at 13-16). Plaintiffs cannot credibly claim that the work BFW performed was unnecessary when Plaintiffs raised the arguments that BFW defended against. Accordingly, I find that BFW's billing entries for work performed about whether Lamus had corporate authority to hire counsel on behalf of Enchante were reasonably incurred.

In their third objection, Plaintiffs ask the Court to exclude all billing entries after July 31, 2020 because the parties did not confer regarding these amounts. (ECF No. 191 at 17-18). This objection is without merit. Defendants provided these billing entries to Plaintiffs on September 9, 2020. (ECF No. 194-5). Plaintiffs' counsel refused to confer regarding these entries because he believed that "[t]he proper way to handle this is by

22

supplemental motion." (*Id*.). Disagreement with opposing counsel's approach does not justify disregarding counsel's mutual obligation to confer as the Local Rules require. Defendants had not yet filed their Motion for Attorneys' Fees, and the deadline to do so was not until September 25, 2020. (*Id*). Thus, the parties had an opportunity to resolve any areas of disagreement. For the foregoing reasons, I conclude that fees incurred for work performed after July 31, 2020 are compensable.

The attorneys' fees requested, however, must nevertheless be reduced because, as explained in section III.A.1.b., *supra,* Enchante and Lamus are not entitled to recover fees incurred in connection with the Fraud Claims asserted in the FAC or SAC. I have carefully reviewed the billing records that BFW submitted. (ECF Nos. 190-3, 190-4). These records reflect that between October 23, 2018 and June 27, 2019, BFW performed work on behalf of Enchante and Lamus that applies equally to the RICO claim and the Fraud Claims. (ECF No. 190-3 at 15-18). For the reasons explained in III.B.2.a., *supra*, those billing entries are not recoverable.[12] Other billing entries during this period are partially recoverable because they include work on behalf of Enchante and Lamus that is specific to the RICO claim. (*Id.*

---

[12] These entries are: (i) 10/29/2018 (0.3 hours); (ii) 10/30/2018 (0.2 hours); (iii) 11/1/2018 (0.2 hours); (iv) 11/14/2018 (1.0 hour); (v) 11/15/2018 (0.3 hours); (vi) 11/27/2018 (0.1 hours); (vii) 11/30/2018 (0.1 hours); (viii) 1/27/2019 (0.7 hours); (ix) 1/28/2019 (0.7 hours); (x) 2/2/2019 (0.5 hours); (xi) 3/6/2019 (0.3 hours); (xii) 3/12/2019 (0.1 hours); (xiii) 3/21/2019 (0.7 hours); (xiv) 3/22/2019 (0.3 hours); (xv) 3/28/2019 (0.5 hours); (xvi) 4/9/2019 (0.6 hours) (xvii) 4/23/2019 (0.2 hours); (xviii) 5/8/2019 (0.4 hours); (xix) 5/10/2019 (0.2 hours); (xx) 5/20/2019 (0.2 hours); (xxi) 5/21/2019 (1.3 hours); (xxii) 5/28/2019 (2.5 hours); (xxiii) 5/30/2019 (1.0 hour); (xxiv) 5/31/2019 (0.8 hours); (xxv) 5/31/2019 (1.2 hours); (xxvi) 6/2/2019 (0.4 hours); (xxvii) 6/4/2019 (2.6 hours); (xxviii) 6/6/2019 (0.5 hours); (xix) 6/14/2019 (0.6 hours); (xxx) 6/20/2019 (0.8 hours); and (xxxi) 6/27/2019 (0.3 hours). (ECF No. 190-3 at 15-18). Those entries total 18.0 hours of work that Ms. Fotiu-Wojtowicz performed for a total of $8,550.00, 0.8 hours of work that Ms. Abrams performed for a total of $100.00, and 0.8 hours of work that Ms. Fernandez performed for a total of $100.

at 15-17).[13] The remaining billing entries in this timeframe are fully recoverable because they reflect work attributable solely to Rey.

Most of BFW's tasks after June 27, 2019 reflect work it performed on behalf of Rey as well as Enchante and Lamus. As explained in section III.A., *supra*, Rey is entitled to all of her reasonable attorneys' fees, and all Defendants are entitled to their reasonable attorneys' fees in connection with all claims raised in the TAC. Thus, the remaining billing entries are recoverable.[14]

For the foregoing reasons, I find: (i) Ms. Fotiu-Wojtowicz reasonably devoted 101.8 hours[15] totaling $48,355.00[16], (ii) Ms. Gaukroger reasonably devoted 26.0 hours[17]

---

[13] These entries are: (i) 2/4/2019 (0.4 hours reduced to 0.2); (ii) 2/7/2019 (0.2 hours reduced to 0.1 hours); (iii) 2/8/2019 (2.8 hours reduced to 2.7 hours); (iv) 2/11/2019 (0.9 hours reduced to 0.7 hours); (v) 2/13/2019 (0.4 hours reduced to 0.3 hours); (vi) 3/4/2019 (2.2 hours reduced to 0.2 hours); (vii) 3/7/2019 (0.9 hours reduced to 0.2 hours); (viii) 4/22/2019 (0.3 hours reduced to 0.1 hours); (ix) 5/6/2019 (0.3 hours reduced to 0.1 hours); (x) 5/17/2019 (1.9 hours reduced to 1.0 hour); (xi) 6/5/2019 (1.6 hours reduced to 0.2 hours); (xii) 6/16/2019 (5.5 hours reduced to 5.0 hours); (xiii) 6/20/2019 (1.0 hour reduced to 0.5 hours). (ECF No. 191-3 at 15-17). These reductions total 7.0 hours of work that Ms. Fotiu-Wojtowicz performed for a total of $3,325.00 and 0.1 hours of work that Ms. Gaukroger performed for a total of $40.00.

[14] There is one exception: the billing entry dated 8/27/2020 reflecting 0.7 hours of work Ms. Fernandez performed is not recoverable because that time was incurred in connection with the appeal. (ECF No. 190-3 at 22).

[15] Ms. Fotiu-Wojtowicz avers that she devoted 171.4 hours to this action, (Fotiu-Wojtowicz Decl., ECF No. 191-3 ¶ 12), but agreed to deduct 44.6 hours as discussed in n.7, *supra*. The remaining balance is further reduced to account for the exclusions I explain in n.12, *supra* (totaling 18.0 hours), and n.13, *supra* (totaling 7.0 hours).

[16] An hourly rate of $475 multiplied by 101.8 hours equals $48,355.00.

[17] Ms. Fotiu-Wojtowicz avers that Ms. Gaukroger devoted 39.9 hours to this action, (Fotiu-Wojtowicz Decl., ECF No. 191-3 ¶ 12), but there is one time entry that should be credited to Ms. Shatzel, instead of Ms. Gaukroger (1.5 hours on November 27, 2019), (ECF No. 190-3 at 20). I therefore begin at a starting point of 38.4 hours. Defendants agreed to deduct 12.3 hours as discussed in n.7, *supra*. The remaining balance is further reduced to account for the exclusions I explain in n.13, *supra* (totaling 0.1 hours).

totaling $10,400.00[18],  (iii) Ms. Shatzel reasonably devoted 5.8 hours[19] totaling $580.00[20],

(iv) Ms. Abrams reasonably devoted 0.0 hours[21] totaling $0.00, and (v) Ms. Fernandez

reasonably devoted 2.0 hours[22] totaling $200.00.[23] I therefore recommend that the Court

award **$59,535.00** in reasonable attorneys' fees for work that BFW performed.

### c. Colson Hicks

Colson Hicks represented Enchante beginning in February 2019 and seeks

$77,259.00 for 171.8 hours of work performed. Plaintiffs object to those billing entries that

relate to the earlier motions for costs and attorneys' fees, and fees incurred after July 31,

2020. (ECF No. 191 at 16-18). I addressed these objections in section III.B.2.b., *supra*, and

for those reasons, I conclude that the objections lack merit.

However, the attorneys' fees requested must be reduced because, as explained in

section III.A.1.b., *supra,* Enchante is not entitled to attorneys' fees incurred in connection

with the Fraud Claims asserted in the FAC or SAC. I have carefully reviewed the billing

records that Colson Hicks submitted. (ECF Nos. 190-1, 190-2). These records reflect that

---

[18] An hourly rate of $400 multiplied by 26.0 hours equals $10,400.00.

[19] Ms. Fotiu-Wojtowicz avers that Ms. Shatzel devoted 4.8 hours to this action, (Fotiu-Wojtowicz Decl., ECF No. 191-3 ¶ 12), but I credit an additional 1.5 hours, as explained in n.17, *supra*. I therefore begin at a starting point of 6.3 hours. Defendants agreed to deduct 0.5 hours as discussed in n.7, *supra*. The remaining balance is not further reduced.

[20] An hourly rate of $100 multiplied by 5.8 hours equals $580.00.

[21] Ms. Fotiu-Wojtowicz avers that Ms. Abrams devoted 0.8 hours to this action, (Fotiu-Wojtowicz Decl., ECF No. 191-3 ¶ 12). However, I excluded these hours as explained in n.12, *supra*.

[22] Ms. Fotiu-Wojtowicz avers that Ms. Fernandez devoted 3.5 hours to this action, (Fotiu-Wojtowicz Decl., ECF No. 191-3 ¶ 12). This balance is reduced to account for the exclusions I explain in n.12, *supra* (totaling 0.8 hours), and n.14, *supra* (totaling 0.7 hours).

[23] An hourly rate of $100 multiplied by 2.0 hours equals $200.00.

Colson Hicks performed work on behalf of Enchante between February 11 and June 20, 2019 that applies equally to the RICO claim and the Fraud Claims. (ECF No. 190-1 at 12-13). Thus, for the reasons explained in section III.B.2.a., *supra*, those billing entries are not recoverable.[24]

The remaining billing entries, though, are largely recoverable. The record reflects that once Plaintiffs filed the SAC on June 21, 2019, Colson Hicks and BFW apparently divided responsibility for tasks, such that some billing entries of Colson Hicks reflect work it performed on behalf of Rey as well as Enchante.[25] For example, Colson Hicks drafted Defendants' consolidated motion to dismiss the SAC wherein all Defendants moved to dismiss the Florida RICO claims but only Rey moved to dismiss the Fraud Claims, while BFW drafted Defendants' Reply memorandum. (ECF Nos. 191-1 at 13, 190-3 at 18). Thus, with a few minor exceptions,[26] Colson Hicks' billing entries after June 21, 2019 are fully recoverable because, as explained in section III.A., *supra*, Rey is entitled to all of her reasonable attorneys' fees, and all Defendants are entitled to their reasonable attorneys' fees in connection with all claims raised in the TAC.

---

[24] Those billing entries are comprised of 19.6 hours of work that Ms. Casey performed for a total of $9,310.00.

[25] Rey was served with process on June 7, 2019. (ECF No. 98).

[26] The following billing entries relate to discovery that is specific to Enchante during the pendency of the SAC or were incurred in connection with the appeal, and should therefore be deducted from the fee award: (i) 8/6/2019 (0.2 hours); (ii) 9/9/2019 (0.3 hours); (iii) 9/11/2019 (0.3 hours) (iv) 9/13/2019 (0.8 hours); (v) 8/6/2020 (1.4 hours); and (vi) 8/27/2020 (0.5 hours). (ECF No. 191-1 at 13-14, 16-17). These entries are comprised of 3.2 hours of work that Ms. Casey performed and 0.3 hours of work that Ms. Roberto performed, which together total $1,583.00.

For the foregoing reasons, I find that Ms. Casey reasonably devoted 132.6 hours[27] totaling $62,985.00[28] and Ms. Roberto reasonably devoted 16.1 hours[29] totaling $1,610.00.[30] I therefore recommend that the Court award **$64,595.00** in reasonable attorneys' fees for work that Colson Hicks performed.

### C.   Conclusion

I have thoroughly reviewed the timesheets that Defendants' counsel submitted and find that, other than the reductions specified above, the number of hours sought is reasonable. Accordingly, I conclude Defendants' counsel reasonably expended the following hours defending Enchante, Lamus and Rey: **7.9 hours** expended by Rimon, P.C.; **135.6 hours** expended by BFW; and **148.7 hours** expended by Colson Hicks.

Based upon the foregoing, I recommend that the Court award Defendants a total of **$127,882.50** in reasonable attorneys' fees, comprised of **$3,752.50** for work performed by Rimon, P.C., **$59,535.00** for work performed by BFW and **$64,595.00** for work performed by Colson Hicks.

---

[27] Ms. Casey avers that she devoted 164.2 hours to this action, (Casey Decl., ECF No. 191-1 ¶ 11), but agreed to deduct 8.8 hours as discussed in n.8, *supra*. The remaining balance is further reduced to account for the exclusions I explain in n.24, *supra* (totaling 19.6 hours), and n.26, *supra* (totaling 3.2 hours).

[28] An hourly rate of $475 multiplied by 132.6 hours equals $62,985.00.

[29] Ms. Casey avers that Ms. Roberto devoted 16.8 hours to this action, (Casey Decl., ECF No. 191-1 ¶ 11), but Defendants agreed to deduct 0.4 hours as discussed in n.8, *supra*. The remaining balance is further reduced to account for the exclusions I explain in n.26, *supra* (totaling 0.3 hours).

[30] An hourly rate of $100 multiplied by 16.1 hours equals $1,610.00.

## IV.    RECOMMENDATION

I RESPECTFULLY RECOMMEND that the Court **DENY** Defendants' Motions for Costs (ECF Nos. 172, 173), **GRANT IN PART** Defendants' Motion for Attorneys' Fees (ECF No. 190), and award Defendants $127,882.50 in reasonable attorneys' fees.

## V.    OBJECTIONS

No later than **Monday, March 22, 2021**, the parties may file any written objections to this Omnibus Report and Recommendation with the Honorable Robert N. Scola, Jr., who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016). The Court will not grant any extensions to file objections, and no responses to any objections shall be filed.

RESPECTFULLY RECOMMENDED in Miami, Florida this 11th day of March 2021.

CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Robert N. Scola, Jr.
     Counsel of Record