United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Julian Fernau, and others, Plaintiffs, | ) ) ) |
| v. | ) ) Civil Action No. 18-20866-Civ-Scola |
| Enchante Beauty Products, Inc. and others, Defendants. | ) ) ) |

**Order Adopting Magistrate's Report and Recommendation**

This matter was referred to United States Magistrate Judge Chris M. McAliley for a report and recommendation (the "Report") on the Defendant Enchante Beauty Products, Inc.'s motion for costs (ECF No. 172), Defendant Raul Lamus and Maria Fernanda Rey's motion for costs (ECF No. 173) and the Defendants' motion for attorneys' fees. (ECF No. 190.) On March 11, 2021, Magistrate Judge McAliley recommended that the motions for costs be denied (ECF Nos. 172, 173) and that the motion for attorneys' fees be granted in part (ECF No. 190). The Plaintiffs timely filed objections to the Report on March 22, 2021. (ECF No. 197.) For the reasons set forth below, having reviewed the Plaintiffs' objections, the Court finds the Magistrate Judge's Report cogent and compelling and accordingly **affirms and adopts** the Report. (**ECF No. 196**.)

**1. Legal Standards**

In order to challenge the findings and recommendations of a magistrate judge, "a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir.1989)) (alterations omitted). The objections must also present supporting legal authority. Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort,* 208 F. App'x at 783-84 (quoting *Heath,* 863 F.2d at 822) (alterations omitted). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Id.* at 784 (quoting *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir.1999)). A court, in its discretion, need not consider arguments that were not, in the first instance,

presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009).

### 3. Analysis

At the outset, the Court notes that neither the Plaintiffs nor the Defendants object to the Report's findings on the motions for costs (ECF Nos. 172, 173). Having reviewed the Report, the record, and the relevant legal authorities, the Court finds Magistrate Judge McAliley's report cogent and compelling with respect to these motions, and therefore the Court denies the Defendants' motions for costs (ECF Nos. 172, 173).

The Court next turns to the portion of the report dealing with attorneys' fees. The Plaintiffs raise several objections to this portion of Magistrate Judge McAliley's report. First, the Plaintiffs argue that the Report fails to apportion fees amounts among the Plaintiffs that are due to each Defendant. Second, the Plaintiffs state that the Report fails to designate any fee award with respect to the Defendant Enchante. Third, the Plaintiffs state that the fees award does not comport with the public policy behind the Florida Securities and Investor Protection Act ("FSIPA") and therefore would be unjust. Fourth, the Plaintiffs state any fees to Maria Fernanda Rey should only be awarded after the filing of the third amended complaint. Fifth, the Plaintiffs state that the claims asserted in its unauthorized pleading do not warrant fees. Sixth, the Plaintiffs state that a determination of substantial justification should only be made on a complete evidentiary record. And finally, the Plaintiffs state their Florida RICO claims were with factual and legal support, and therefore an award of fees is improper.

With respect to the award of fees to the Defendants under the FSIPA, attorneys' fees *shall* be awarded to the "prevailing party unless the court finds the award of such fees would be unjust." (ECF No. 196, at 10 (quoting Fla. Stat. § 517.211(6)).) The question on the propriety of fees, therefore, turns on what courts have defined "unjust" to mean in the context of the FSIPA. As Judge McAliley and others have noted, the law interpreting what the word "unjust" means in the context of this statute is not well developed. *See Shoreline Foundation, Inc. v. Brisk*, 278 So. 3d 68, 76 (Fla. 4th DCA 2019) ("[t]here is little Florida authority construing what the word 'unust' means within the context of this statute'") (quoting *Newsom v. Dean Witter Reynolds, Inc.*, 558 So. 2d 1076, 1077 (Fla. 4th DCA 1990)). Nonetheless, in *Durden v. Citicorp Trust Bank, FSB*, the Middle District of Florida stated that, under the FSIPA, there is nothing unjust in awarding attorneys' fees to a prevailing party where the FSIPA claims were without merit or justification. 763 F. supp. 2d 1299, 1305 (M.D. Fla. 2011). Here, as none of the Plaintiffs' claims survived various motions to dismiss and multiple iterations of the Plaintiffs' complaint, it is hard to state that the

Plaintiffs' claims were justified. *See BJCC, LLC v. LeFevre*, No. 8:09-CV-551-T-17EAJ, 2011 WL 5597305, at *2 (M.D. Fla. Oct. 11, 2011) (stating for fees awards under the FSIPA, courts consider factors including 1) the relative economic resources of the parties; 2) the public policy behind the statute authorizing fees; and 3) whether or not the claims made by the non-prevailing party were substantially justified in determining whether fees are appropriate under the FSIPA). Based on this precedent, the Court overrules the Plaintiffs' third objection to the Magistrate Judge's Report that the fees award under the FSIPA do not comport with public policy. The Court also finds nonsensical the Plaintiffs' sixth objection to the report that fees awards are only proper on a fuller record. The record would have been more fully developed had the Plaintiffs' raised meritorious claims.

Turning to the Plaintiffs' fourth objection relating to fees award to Defendant Rey, Judge McAliley notes that Rey was not served with process until the Plaintiffs' second amended complaint and upon a motion to dismiss, the Court dismissed all the fraud claims alleged against Rey, giving the Plaintiffs an opportunity to amend these claims in a third amended complaint. The Court found, upon review of the third amended complaint that the Plaintiffs said "virtually the same thing" and then dismissed the Plaintiffs' fraud claims against Rey with prejudice. (*See* ECF No. 161.) The Court agrees with the Report's findings that the Defendant Rey is entitled to recover fees for defending against the fraud claims alleged against her in both the second and third amended complaints. As the Plaintiffs failed to adequately plead fraud claims against the Defendant Rey sufficient to survive motions to dismiss, the Court finds that it is not unjust to allows the Defendant to recover her attorneys' fees as set out in the Report.

Moving next to the Plaintiffs fifth objection pertaining to Lamus and Enchante's defense of claims raised in Plaintiffs' unauthorized pleading, Judge McAliley concluded that these Defendants could recover such fees. Judge McAliley reached this conclusion after finding that the Enchante and Lamus did not move to dismiss the Plaintiffs' fraud claims alleged against them in the second amended complaint, instead moving only to dismiss the Florida RICO claims alleged against them by the Plaintiffs. While the Plaintiffs state that their fraud claims against Enchante and Lamus were dismissed because they improperly amended their claims without leave of the Court that misrepresents the record. Rather, Judge McAliley recommended the Court consider the Plaintiffs' unauthorized amended fraud claims, but recommended these claims be dismissed nonetheless for failure to state a claim. The Court agreed, finding "the amended allegations are deficient." (ECF No. 161, at 2.) As the Plaintiffs' fraud claims against Enchante and Lamus were deficient, the Court agrees it

would not be unjust to award these Defendants' their attorneys' fees incurred in defending against these claim in the third amended complaint only.

The Court turns next to the Plaintiffs' objections to Magistrate Judge McAliley's Report with respect to the Plaintiffs' Florida RICO claims. As Magistrate Judge McAliley noted in her Report, the Eleventh Circuit has stated the standard for recovering fees under Florida's RICO statute is "less stringent than the standard for awarding attorneys' fees under other Florida statutory provisions . . . which allow[] for an attorneys' fee award in any civil action that is found to have been brought frivolously or in bad faith. . . . Florida courts consistently have held that defendants are entitled to fees under Section 772.104 where civil RICO counts were dismissed with prejudice." *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1330-31 (11th Cir. 1998) (internal quotations omitted). As Judge McAliley noted in her report, the Plaintiffs failed to allege two essential elements of their RICO claims, after being put on notice of these deficiencies in earlier mooted motions to dismiss. (ECF No. 16, at 16.) Accordingly, the Court agrees that the Defendants are entitled to an award of attorneys' fees incurred in connection with defending against the Plaintiffs' Florida RICO claim.

The Court now turns to the Plaintiffs' objections that the Report does not apportion amounts assessed against each Plaintiff and due to each Defendant. The Report clearly concludes that Defendant Rey is entitled to attorneys' fees in defending against the FSIPA claims that were alleged against her in the second amended and third amended complaints. The Report also states that Enchante and Lamus are entitled to recover attorneys' fees incurred in defending against the FSIPA claims alleged against them in the third amended complaint. Finally the report states that all of the Defendants are entitled to an award of attorneys' fees incurred in defending against the Plaintiffs' Florida RICO claims. First, the Report found that Lamus was due to collect from the Plaintiffs $3,752.50 in fees incurred in defending himself against the Florida RICO claim up through the filing of the Plaintiffs' first amended complaint. Next, the Report reviewed the fees incurred by Brodsky Fotiu-Wojtowicz ("BFW") who represented each of the Defendants. The Report reviewed BFW's billing records to ensure that only those fees which the Report concluded were eligible to be collected by the various Defendants were included in the Report and concluded that $59,535.00 should be award to the Defendants. Finally, the Report notes that Colson Hicks represented Enchante and, for eligible work, Enchante is able to collect $64,595.00 incurred in fees. The authorities the Plaintiffs cite in support of their objections do not support their arguments. It was the Defendants' burden to "allocate time for which fees are awardable or to show that the issues are so intertwined that allocation is unfeasible" such that the Plaintiffs do not end up

paying fees "for the claims that did not provide for such an award by either contract or statute." *Effective Teleservices, Inc. v. Smith*, 132 So. 3d 335, 340-41 (Fla. 4th DCA 2014). Judge McAliley and was able to determine which portion of the fees incurred by the Defendants were allocable to the claims on which they prevailed and for which fees were justified. The Court is therefore unmoved by the Plaintiffs' first objection.

The Court finds the Plaintiffs second objection equally unavailing as it appears the Plaintiffs' objection is based on helping "interested parties to intervene to enforce the judgment and share in the proceeds of recovery." (ECF No. 197, at 4.) The Court finds any potential claims with respect to Enchante held by hypothetically interested parties are not properly before the Court.

### 4. Conclusion

In sum, the Court **affirms and adopts** Magistrate Judge McAliley's Report. (**ECF No. 196**.) The Court **denies** the Defendants' motion for costs (**ECF Nos. 172, 173**) and **grants in part** the Defendants' motion for attorneys' fees, as set forth in Magistrate Judge McAliley's Report (**ECF No. 190**).

**Done and ordered** at Miami, Florida, on March 26, 2021.

Robert N. Scola, Jr.
United States District Judge