FILED BY _____ HH _____ D.C.

Apr 1, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 01, 2021

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number:  20-12922-DD
Case Style: Julian Fernau, et al v. Enchante Beauty Products, Inc., et al
District Court Docket No: 1:18-cv-20866-RNS

Enclosed is the Bill of Costs.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's
decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision
was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion
was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to:  Lois Tunstall
Phone #:  (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 20-12922

_____

District Court Docket No.
1:18-cv-20866-RNS

JULIAN FERNAU,
FERNANDO MATEU,
MARIA DOLORES DE LUCAS,

                                        Plaintiffs - Appellants,

versus

ENCHANTE BEAUTY PRODUCTS, INC.,
RAUL LAMUS,
MARIA FERNANDA REY,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: February 18, 2021
For the Court: DAVID J. SMITH, Clerk of Court
By: Jeff R. Patch

[DO NOT PUBLISH]

## IN THE UNITED STATES COURT OF APPEALS

### FOR THE ELEVENTH CIRCUIT

_____

No. 20-12922
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-20866-RNS

JULIAN FERNAU,
FERNANDO MATEU,
MARIA DOLORES DE LUCAS,

Plaintiffs-Appellants,

versus

ENCHANTE BEAUTY PRODUCTS, INC.,
RAUL LAMUS,
MARIA FERNANDA REY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 18, 2021)

Before MARTIN, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Julian Fernau, Fernando Mateu, and Maria Dolores De Lucas appeal the district court's order dismissing their third amended complaint against Enchante Beauty Products, Inc., Raul Lamus, and Maria Fernanda Rey.  We find no reversible error and therefore affirm.

I.

The plaintiffs allege that Lamus solicited them to invest in Enchante, a beauty supply company.  Lamus was the CEO and a director of Enchante.  Mateu and his wife De Lucas jointly invested $100,000 in the company in August 2015, and in December 2015, they purchased an additional $6,000 worth of shares from Rey, Lamus's wife.  Fernau bought shares in Enchante in 2017.

In early 2018, Fernau sued Lamus and Enchante in federal court, claiming that Lamus had misrepresented Enchante's sales and valuation and failed to disclose that the company had substantial liabilities, including for unpaid taxes in Colombia, and that its sales representatives engaged in "questionable sales practices" involving the sale of goods on credit to retailers who were unlikely to pay.  Fernau alleged that Lamus's misstatements and omissions violated state and federal securities fraud laws, as well as the Florida Racketeer Influenced and

2

Corrupt Organization (RICO) Act.  He sought rescission of his investment, treble damages under the state RICO statute, and attorneys' fees.

Lamus moved to dismiss the state RICO claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and for a more definite statement pursuant to Rule 12(e) on all counts of the complaint.  He argued that Fernau had failed to allege facts showing a pattern of racketeering activity, as required to state a RICO claim, and had failed to make the allegations of fraud supporting his RICO claim with the specificity required by Rule 9(b).  He also contended that Fernau's claims related to the sale of securities were so vague and ambiguous that he could not reasonably be expected to frame a responsive pleading, and that the court should either require Fernau to provide a more definite statement of his securities-related claims or dismiss the complaint.

Without waiting for a ruling on Lamus's motion, Fernau filed an amended complaint.  This time, he was joined by Mateu and De Lucas as plaintiffs, and the amended complaint added Lamus's wife Rey as a defendant.  Mateu and De Lucas alleged that Lamus and Rey solicited their initial investment in Enchante with misstatements and omissions about Enchante's financial health.  They alleged that "Rey first presented the success of Enchante" to Mateu and De Lucas, and "Lamus subsequently organized two in-person meetings in Miami" to solicit an investment from them.  According to the amended complaint, the defendants relied upon two

documents containing misrepresentations about the company's valuation,

profitability, and cash flow, and the risk of and expected return on their

investment.  Mateu and De Lucas alleged that Lamus and Rey were aware of or

were severely reckless in not knowing of Enchante's poor financial performance at

the time, but they failed to disclose that information.  They also alleged that the

defendants solicited their additional investment in Enchante in December 2015

without correcting their previous misrepresentations and without disclosing the

company's continued poor financial health.

With minor exceptions not relevant to our analysis, Fernau reiterated the

factual allegations from his initial complaint.  All three plaintiffs alleged that the

defendants' actions constituted securities fraud and common law fraud and

violated Florida's RICO Act.  In addition to repeating the RICO allegations from

Fernau's initial complaint, the plaintiffs alleged that the defendants' sales of

Enchante securities in August 2015, December 2015, and March 2017 constituted

predicate acts of Florida securities fraud.  They further alleged that, "upon

information and belief," the defendants had committed numerous acts of Florida

securities fraud involving the sale of Enchante securities between 2015 and 2017.

The district court denied Lamus's motion to dismiss and for a more definite

statement as moot in light of the amended complaint.  Enchante and Lamus then

filed separate motions to dismiss the amended complaint for failure to state a

claim, pursuant to Rule 12(b)(6).[1]  Enchante argued that the plaintiffs' securities

and common law fraud claims should be dismissed because the alleged

misrepresentations on which they were based were contradicted by the terms of the

parties' agreements, and that the plaintiffs failed to state a RICO claim because the

three sales of securities were insufficient to establish the required pattern of

racketeering activity.  Lamus reiterated Enchante's arguments and added that the

RICO claim was deficient on the additional ground that the plaintiffs had failed to

allege a RICO enterprise that was distinct from the alleged RICO defendants.

    The magistrate judge denied the defendants' motions to dismiss and granted

the plaintiffs leave to amend their complaint a second time to correct the pleading

deficiencies identified by the defendants.  In so doing, the magistrate warned

plaintiffs' counsel that if they were unable to adequately plead their claims in a

second amended complaint, the court would be inclined to grant a motion to

dismiss with prejudice.

    The plaintiffs filed a second amended complaint, again alleging that the

defendants committed securities fraud, common law fraud, and violations of the

state RICO statute in the sale of Enchante securities to Mateu and De Lucas in

August and December 2015 and to Fernau in March 2017.  In connection with their

---

[1] Rey had not yet been served and had not made an appearance in the action when the other
defendants filed their motions to dismiss the first amended complaint.

RICO claim, the plaintiffs alleged that "Lamus, Rey, and Enchante formed an 'enterprise'" within the meaning of the Florida statute "because Lamus and Rey are individuals and Enchante a corporation; which together associated in fact and created the resulting criminal enterprise."  They alleged that each defendant "formed a part of the criminal enterprise" by committing relevant crimes and benefitting from the proceeds of the criminal activity.  They further alleged that Lamus's and Rey's "involvement in the criminal conspiracy exceeded" their roles as agents of Enchante, and that "Enchante's involvement in the criminal conspiracy exceeded its role only as the issuer of fraudulent securities."  They alleged that "Lamus, Rey, and Enchante conducted or participated in the conduct of the enterprise's affairs, separate and apart from their own affairs," and that the "enterprise created was therefore separate and distinct from Lamus, Rey, and Enchante."

The plaintiffs recited the statutory definition of a "pattern of racketeering activity" and alleged that the defendants had engaged in such activity by soliciting investments in Enchante from the plaintiffs with misrepresentations and omissions of material facts and relying on wire communications to do so.  They again alleged that "upon information and belief," the defendants had committed numerous acts of securities fraud involving the sale of shares in Enchante and its predecessor

company between 2012 and 2017, and they identified two nonparty individuals

whom they believed to have been defrauded by the defendants in this scheme.

   The defendants (this time including Rey) filed a consolidated motion to

dismiss the plaintiffs' RICO claim and all claims against Rey.  They argued that

the plaintiffs still had not pleaded the elements of a RICO claim because they had

not alleged the existence of a RICO enterprise separate from the defendants or

sufficient relationship and continuity of the alleged predicate acts to form a pattern

of racketeering activity.  Rey also argued that the plaintiffs' allegation that she

benefitted from the proceeds of the alleged criminal activity because those

proceeds were "funneled through Enchante and then Lamus for her personal

benefit"—presumably based on her status as Lamus's wife—was insufficient to

state a claim for RICO liability.  The defendants pointed out that this was the

plaintiffs' third attempt to plead their RICO claim and requested that the RICO

claim be dismissed with prejudice.

   With respect to the plaintiffs' fraud claims, Rey argued that the plaintiffs had

failed to state their claims against her with sufficient detail to meet notice pleading

standards, much less the heightened pleading standards for fraud claims.  She

pointed out that most of the claims against her alleged that she and Lamus acted

jointly, without specifying what misrepresentations Rey made, when she made

them, or whether she knew that any statements she made were false when she

made them.  Rey contended that the sole allegation against her alone—that she "first presented the success of Enchante and its cosmetics business" to Mateu and De Lucas—was "non-actionable puffery."  Lamus and Enchante did not challenge the plaintiffs' fraud claims against them in the motion to dismiss the second amended complaint.

The magistrate judge issued a report and recommendation concluding that the second amended complaint (1) failed to plead the existence of a RICO enterprise distinct from the individual RICO defendants, (2) failed to allege continuity of criminal conduct forming a pattern of racketeering activity as required to state a claim for RICO liability, and (3) failed to satisfy the heightened pleading requirements of Rule 9 in the fraud claims against Rey.  The magistrate recommended that the RICO claim be dismissed with prejudice for failure to allege a pattern of racketeering activity because the plaintiffs had already been given multiple opportunities to correct that deficiency.  The magistrate judge also stated (incorrectly), however, that the defendants had challenged the "enterprise" element for the first time in their motion to dismiss the second amended complaint.  The magistrate therefore suggested that if the court disagreed with the magistrate's finding on the pattern element, it should dismiss the RICO claim without prejudice and allow the plaintiffs to replead the "enterprise" element.  The magistrate recommended that the court dismiss the plaintiffs' fraud claims against Rey

without prejudice and allow them to file a third amended complaint restating those

claims with the particularity required by Rule 9.  The magistrate notified the

parties that any objections to its report and recommendation must be filed within

14 days, and that the failure to object to any factual finding or legal conclusion

would waive the issue for appeal.

The plaintiffs objected to the magistrate's recommendation to dismiss their

fraud claims against Rey, arguing that those claims were based primarily on her

failure to make legally required disclosures to Mateu and De Lucas, particularly

during the second transaction when she acted as the "actual seller" of the

securities.  They also objected to the magistrate's recommendation for dismissal of

their RICO claim on the ground that they had not pleaded continuity of criminal

conduct sufficiently to establish a pattern of racketeering activity.  They argued

that the magistrate had improperly discounted their allegations of fraud against

nonparties by requiring them to allege the extrinsic acts of fraud with particularity,

and that three acts of securities fraud were sufficient to form a pattern of

racketeering activity in any event.  They also objected to the recommendation to

dismiss their RICO claim with prejudice, arguing that while the complaint had

been amended twice, the magistrate's report and recommendation was "the first

substantive ruling in the case."  They proposed that they could remedy any

deficiency in the allegations of ongoing criminal activity by amending their

complaint to identify additional defrauded investors and providing more detail about those transactions as discovery progressed.  The plaintiffs did not object to the magistrate's conclusion that they had failed to properly allege a RICO enterprise.

The district court adopted the magistrate's report and recommendation and dismissed the plaintiffs' RICO claim with prejudice and their fraud claims against Rey without prejudice.  The court noted that even if the plaintiffs' claims against Rey were based solely on omissions rather than affirmative misstatements, the allegations in the second amended complaint did not meet the heightened pleading standard for fraud claims because the plaintiffs had not specified what Rey knew and failed to disclose about Enchante's "poor financial performance" and "poor and deteriorating condition."

The plaintiffs filed a third amended complaint, dropping their RICO claim and revising their fraud allegations against Lamus and Rey.  The new complaint alleged that Lamus alone solicited Mateu and De Lucas's initial investment in Enchante in August 2015.  Mateu and De Lucas further alleged that Lamus solicited their December 2015 investment by telling them that another investor needed to sell his shares, and Lamus "then sent Mrs. Rey to close the transaction directly and collect the proceeds from sale."

The third amended complaint alleged that Rey, as the seller of the securities purchased by Mateu and De Lucas in December 2015, had an affirmative duty to inform them of Enchante's lack of profitability, unpaid liabilities, and questionable sales practices, but failed to do so.  Instead, the plaintiffs alleged, Rey relied on Lamus's July and August 2015 disclosures, which were false and misleading.  The plaintiffs alleged that Lamus and Rey "were aware of the poor financial performance of Enchante at the time of sale, or were severely reckless in not knowing, but failed to" inform Mateu and De Lucas of "the particular risk factors" and the "negative events that had already materialized by December of 2015."

The plaintiffs also reorganized and partly narrowed their allegations concerning the misrepresentations and omissions made by Lamus in connection with Mateu and De Lucas's August 2015 investment in Enchante and Fernau's investment in 2017.  For the first time, the plaintiffs alleged that Lamus relied on a document called "Investor Questions" when soliciting Mateu and De Lucas's investment, and that that document contained multiple misrepresentations about Enchante's financial condition and prospects.

The defendants moved to dismiss the third amended complaint with prejudice.  They argued that the plaintiffs had improperly amended their fraud allegations against Lamus and Enchante, without first obtaining leave of court or the defendants' consent to amend, by identifying new and different alleged

misrepresentations in the form of the Investor Questions document.  They also

argued for the first time that the plaintiffs had failed to plead an essential element

of their fraud claims against all defendants because they had not alleged that they

relied upon any of the defendants' alleged misrepresentations or omissions.

Rey also argued that the plaintiffs had failed to correct the previously

identified deficiencies in their claims against her, because while they alleged that

she failed to disclose material information about Enchante and failed to correct her

husband's alleged misrepresentations, they had not alleged facts showing that she

knew anything about the financial state of Enchante or any representations her

husband may have made.  The defendants contended that the pleading deficiencies

in the third amended complaint could not be cured by a fourth amendment because

the plaintiffs' deposition testimony showed that they had not, in fact, relied on any

materials provided by Lamus, and that Rey had not given them any specific

information about Enchante's financial condition.

The plaintiffs responded that the court had given them leave to amend their

allegations against Rey, and they had revised their claims against Lamus and

Enchante only by narrowing their factual allegations to focus on the most material

misstatements and correcting their allegation about the document used by Lamus in

2015 to conform with information they learned in discovery.  They objected to the

defendant's request to dismiss the fraud claims against Lamus and Enchante as a

successive motion to dismiss raising a defense that they had not raised in their previous motions, which they contended was prohibited by Rule 12(g)(2), and they objected to the defendants' reference to evidence outside the pleadings.

The magistrate judge recommended that the court grant the defendants' motion in part and dismiss the third amended complaint without prejudice.  In the report and recommendation, the magistrate rejected both parties' procedural objections—the defendants' objection to the plaintiffs' unauthorized amendments to their fraud claims against Lamus and Enchante, and the plaintiffs' objection to the defendants' successive motion to dismiss in violation of Rule 12(g)(2).  The magistrate explained that she would have granted the plaintiffs leave to amend if asked, and that it would be inequitable to grant leave to amend and then bar the defendants from moving to dismiss the amended claims.

Reviewing the plaintiffs' fraud claims as amended, the magistrate agreed that the plaintiffs had failed to adequately plead the element of reliance; they claimed that Lamus and Rey made a slew of misrepresentations and omissions, but they never explicitly stated which of the misrepresentations or omissions they relied on, if any, before investing in Enchante, nor did they allege that they had conducted sufficient due diligence to make such reliance reasonable.  The magistrate further found that the plaintiffs' amended claims against Rey were still deficient because they had failed to plead the element of scienter—that is, that Rey

13

knew that Enchante was insolvent and that her husband had misrepresented its

condition and intended to defraud them by not disclosing that information—with

the specificity required for fraud claims.  The magistrate recommended that the

plaintiffs be given one last chance to amend their complaint, since the defendants

had not previously raised the issue of reliance, and Rey had challenged the

allegations against her for the first time in the previous motion to dismiss.  The

magistrate again warned the parties that they must submit objections to any factual

finding or legal conclusion in the report and recommendation in order to preserve

the issue for appeal.

The plaintiffs objected to the magistrate's determination that they had not

pleaded the element of reliance in their fraud claims, and they objected that any

question of due diligence or the reasonableness of their reliance involved questions

of fact that should be reserved for summary judgment or trial.  They also objected

to the magistrate's conclusion that they had not pleaded the element of scienter in

their federal securities fraud claim against Rey.  They did not object to the

magistrate's recommendation that the court consider Lamus's and Enchante's

motion to dismiss the fraud claims against them, regardless of whether the motion

was procedurally barred under Rule 12(g)(2).

The defendants objected to the magistrate's recommendation that the

plaintiffs be given another chance to amend their complaint to plead their fraud

claims, arguing that the district court should dismiss the third amended complaint with prejudice. In response to the defendants' objection, the plaintiffs argued that the magistrate's "decision to entertain Defendants' successive arguments on motions to dismiss and then to allow Plaintiffs' leave to amend is a discretionary one and a decision that should not be disturbed." But they did not seek leave from the district court to file an amended complaint, nor did they file a proposed fourth amended complaint or state whether they could allege additional facts to cure the deficiencies in their claims.

The district court adopted the magistrate's report and recommendation in part. The court agreed with the magistrate that the plaintiffs had failed to plead facts meeting the essential elements of scienter (with respect to Rey) and reliance (with respect to all defendants) with the specificity required for fraud claims. The district court disagreed, however, that the plaintiffs should be given another opportunity to amend their complaint. The court pointed out that the plaintiffs had already had an opportunity to amend their claims against Rey, and that the plaintiffs, who were represented by counsel, had not sought leave of court to amend their complaint a fourth time. The court therefore dismissed the third amended complaint with prejudice. The plaintiffs now appeal.

II.

On appeal, the plaintiffs argue that (1) they adequately alleged a "pattern of racketeering" supporting the Florida RICO claim in their second amended complaint; (2) the defendants' motion to dismiss the third amended complaint was barred by Rule 12(g)(2), and the district court should not have considered it; (3) they adequately pleaded the element of reliance in support of their fraud claims against all three defendants and the element of scienter in their allegations against Rey, and (4) if their allegations of reliance were deficient, the district court should have given them an opportunity to amend their complaint to correct that deficiency.  We reject the first two arguments on the grounds that the plaintiffs have waived and abandoned any challenge to the district court's conclusion that they failed to plead the existence of a separate and distinct enterprise, an essential element of their RICO claim, and they waived the right to challenge the district court's decision to consider the defendants' successive motion to dismiss by failing to object to the magistrate's report and recommendation on that issue.  And we reject the plaintiffs' third and fourth arguments because we conclude that they failed to plead at least one essential element of their fraud claims with the particularity required by Rule 9(b), and that the district court did not abuse its discretion in dismissing the third amended complaint with prejudice.

A.

Ordinarily, we review the district court's dismissal for failure to state a claim

de novo. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012). But

where a party fails to file a timely objection to a magistrate judge's report and

recommendation, that party "waives the right to challenge on appeal the district

court's order based on unobjected-to factual and legal conclusions if the party was

informed of the time period for objecting and the consequences on appeal for

failing to object." 11th Cir. R. 3-1. In the absence of a proper objection, we may

review for plain error, but only "if necessary in the interests of justice." *Id.*

The plaintiffs have not properly preserved their challenge to the district

court's dismissal of their Florida civil RICO claim for appeal. To begin, they

waived their right to appeal the dismissal of their RICO claim when they failed to

object to the magistrate's finding that they had not pleaded an essential element of

the claim—the existence of an "enterprise" separate and distinct from the

defendants whom they sought to hold liable—despite the magistrate's warning that

an objection was required to preserve the issue for appeal. *See* 11th Cir. R. 3-1;

*see also Palmas Y Bambu, S.A. v. E.I. Dupont De Nemours & Co.*, 881 So. 2d 565,

574 (Fla. Dist. Ct. App. 2004) (Florida civil RICO plaintiff must "prove the

existence of an 'enterprise' separate and distinct from the 'person' sued for RICO

violations."). Moreover, they abandoned the issue in this Court by not challenging

the magistrate's finding, which was adopted by the district court, in their opening brief on appeal. "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

B.

The plaintiffs similarly failed to object to the magistrate's recommendation that the district court consider the defendants' successive motion to dismiss regardless of whether the motion violated Rule 12(g)(2)—again, despite the magistrate's warning of the consequences of failing to object. The plaintiffs have therefore waived the right to appeal the district court's decision to entertain the defendants' final motion to dismiss. 11th Cir. R. 3-1. And we decline to review that decision for plain error because, as the Third Circuit has explained, a "district court's decision to consider a successive Rule 12(b)(6) motion to dismiss is usually harmless, even if it technically violates Rule 12(g)(2). So long as the district court accepts all of the allegations in the complaint as true, the result is the same as if the defendant had filed an answer admitting these allegations and then filed a Rule 12(c) motion for judgment on the pleadings, which Rule 12(h)(2)(B) expressly permits." *Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 321–22 (3d Cir. 2015);

*see also Albers v. Bd. of Cty. Comm'rs of Jefferson Cty.*, 771 F.3d 697, 703–04 (10th Cir. 2014).  The interests of justice do not compel us to review the district court's rulings for a possible error that would be harmless in any event.  *Cf.* 28 U.S.C. § 2111 (requiring appellate courts to disregard errors that do not affect the parties' substantial rights).

## C.

Turning to the plaintiffs' preserved arguments, they first challenge the court's finding that they failed to properly plead the essential elements of their fraud claims in their third amended complaint.  To avoid dismissal of his complaint for failure to state a claim, a plaintiff must allege facts stating "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  And to state a plausible claim for relief, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This means that a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Randall v. Scott*, 610 F.3d 701, 707 n.2 (11th Cir. 2010) (citation omitted).  Conclusory and unsupported allegations of law or of mixed law and fact are insufficient to meet this standard and will not prevent dismissal for failure to state a claim. *McGinley v. Houston*, 361 F.3d 1328, 1330 (11th Cir. 2004).

With respect to fraud claims brought in federal court, a plaintiff must "state with particularity the circumstances constituting fraud," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b)'s heightened pleading standard, "a plaintiff must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time, place and person responsible for the statement; (3) the content and manner in which these statements misled [him]; and (4) what the defendants gained by the alleged fraud." *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1128 (11th Cir. 2019) (alteration in the original) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010)), *cert. denied*, 140 S. Ct. 2828 (2020).

In their third amended complaint, the plaintiffs sought to hold the defendants liable for securities fraud, in violation of § 10(b) of the Securities and Exchange Act of 1934 and SEC Rule 10b-5 and the Florida Securities and Investor Protection Act, and for common law fraud. Each of these claims requires, among other things, proof that the defendant made a misrepresentation or omission of material fact, and that the plaintiff relied on the misrepresentation or omission. *See, e.g.*, *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 810 (2011) (Securities and Exchange Act); *Rousseff v. E.F. Hutton Co.*, 843 F.2d 1326, 1329–30 (11th Cir. 1988) (Florida Securities and Investor Protection Act); *Jackson v. Shakespeare Found., Inc.*, 108 So. 3d 587, 595 n.2 (Fla. 2013) (Florida common law fraud).

"The traditional (and most direct) way a plaintiff can demonstrate reliance is by showing that he was aware of a company's statement and engaged in a relevant transaction—*e.g.*, purchasing common stock—based on that specific misrepresentation." *Erica P. John Fund*, 563 U.S. at 810.

The plaintiffs alleged that Lamus made a number of false statements about Enchante's financial status and valuation—mostly by email or by providing documents containing glowing (and allegedly false) descriptions of the company's growth and profitability—and failed to disclose Enchante's questionable sales and accounting practices, unsound credit policies, and increasing unpaid debts. They alleged that Rey failed to correct her husband's misrepresentations and failed to disclose Enchante's inflated sales figures, mounting liabilities, and lack of profitability in connection with her December 2015 sale of securities to Mateu and De Lucas. With respect to reliance, the plaintiffs alleged only that if Lamus and Rey had made "full and accurate disclosure at the time of sale," the plaintiffs "would not have invested into the company." This broad statement falls short of Rule 9(b)'s heightened pleading requirement that the plaintiffs "allege with particularity the manner in which they relied on the defendants' statements." *Wilding*, 941 F.3d at 1128.

Contrary to the plaintiffs' arguments, the allegation that they would not have invested in Enchante if the defendants had made a "full and accurate disclosure"

does not establish the link of "transaction causation" between the specific

misstatements and omissions they alleged and their purchase of securities.  That is

because it provides no information about which of the specifically alleged

misrepresentations and omissions, if any, induced them to purchase shares in

Enchante, or even whether they read the materials Lamus provided.  *See id.*  A

statement that the plaintiffs would not have invested if the defendants had provided

all available information says nothing about whether they were persuaded to invest

by—or even aware of—the specific alleged misrepresentations in the financial

statements and other materials that Lamus provided, or whether they would have

invested if the defendants had disclosed the information in the enumerated

omissions.  *See Erica P. John Fund*, 563 U.S. at 810 (a "plaintiff unaware of the

relevant statement" cannot establish reliance).

The plaintiffs also take the position that, with respect to omissions, they are

entitled to a presumption of reliance because the information withheld from them

would have been "material to the investment decision of any reasonable investor."

This appears to be a reference to *Affiliated Ute Citizens of Utah v. United States*, a

Rule 10b-5 securities fraud case "involving primarily a failure to disclose," in

which the Supreme Court held that the plaintiffs were entitled to a presumption of

reliance.  406 U.S. 128, 153 (1972).  In *Affiliated Ute*, the defendants were

employees of a corporation's transfer agent which, with respect to the sale of

shares, acted "for the individual stockholders." *Id.* at 152.  The shareholders

generally considered the defendants "to be familiar with the market for the shares

of stock and relied upon them when they desired to sell their shares." *Id.*  The

defendants developed a secondary market in the corporation's shares and then

induced shareholders to sell their stock without telling them that their shares would

sell for a higher price on the secondary market or that the defendants stood to profit

from the transfers. *Id.* at 150–53.  The Supreme Court held that "under the

circumstances of [that] case," where the defendants had an obligation to disclose

information and failed to do so, "positive proof of reliance" was not required to

hold the defendants liable for securities fraud under SEC Rule 10b-5. *Id.* at 153.

The circumstances of this case are different.  As we have explained before,

to employ the *Affiliated Ute* presumption in a Rule 10b–5 case and avoid the

requirement to "prove specific reliance upon a particular nondisclosure, plaintiffs

must demonstrate that they generally relied upon the defendant." *Cavalier

Carpets, Inc. v. Caylor*, 746 F.2d 749, 756 (11th Cir. 1984).  "Thus, an investor

who makes his own investment decisions and does not rely upon the defendant for

advice when making these decisions is barred from asserting he presumably relied

upon a particular omission." *Id.*  The plaintiffs did not allege that they generally

relied on Lamus or Rey in making their investment decisions, nor did they allege a

history or relationship from which such general reliance could be inferred.

We have also recognized that the *Affiliated Ute* presumption does not apply where, as here, the plaintiffs have pleaded "mixed claims of misrepresentations and omissions." *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 722 (11th Cir. 1987); *see Cavalier Carpets*, 746 F.2d at 756–57. The plaintiffs allege that Lamus made false statements and omissions in soliciting the initial investment from Mateu and De Lucas and in connection with Fernau's stock purchase. And they allege that Rey "relied upon those disclosures made by her husband" and failed to correct his misrepresentations and omissions when she sold her shares to Mateu and De Lucas in December 2015. This case, therefore, "cannot properly be characterized as an omissions case of the type for which the *Affiliated Ute* presumption was fashioned." *Cavalier Carpets*, 746 F.2d at 756 (citation omitted).

The plaintiffs have not satisfied Rule 9(b)'s heightened pleading requirements for their fraud claims because they "have failed to allege with particularity the manner in which they relied on the defendants' statements" and omissions. *Wilding*, 941 F.3d at 1128. The district court therefore correctly dismissed those claims.[2]

---

[2] Because we conclude that the plaintiffs failed to allege the element of reliance in any of their fraud claims with the particularity required by Rule 9(b), we need not reach the question of whether they also failed to allege the element of scienter in their fraud claims against Rey.

D.

The plaintiffs also contend that the district court abused its discretion in dismissing their third amended complaint with prejudice, rather than giving them another opportunity to plead the element of reliance in support of their fraud claims.[3] We do not agree.

Under Rule 15(a)(2), leave to amend should be freely granted "when justice so requires." This means that courts generally give plaintiffs one chance to amend and correct the deficiencies in their pleading. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018). But the generosity of this rule is not without its limits. "What matters is function, not form: the key is whether the plaintiff had fair notice of the defects and a meaningful chance to fix them." *Id.* Here, the plaintiffs were put on notice of their failure to properly plead reliance by the defendants' motion pointing out that deficiency and by the magistrate judge's report and recommendation agreeing with the defendants' arguments. Yet despite the passage of more than a month between the magistrate's issuing the report and recommendation and the district court's ruling, the plaintiffs did not seek leave to amend their fraud claims to replead the element of reliance. *See Cita Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018) ("the proper method to

---

[3] We review the denial of leave to amend a complaint for an abuse of discretion. *In re Engle Cases*, 767 F.3d 1082, 1109 (11th Cir. 2014).

request leave to amend a complaint" is by filing a motion for leave to amend that

proffers the proposed amendment). "A district court is not required to grant a

plaintiff leave to amend his complaint sua sponte when the plaintiff, who is

represented by counsel, never filed a motion to amend nor requested leave to

amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314

F.3d 541, 542 (11th Cir. 2002). Under these circumstances, the district court did

not abuse its discretion by dismissing the third amended complaint with prejudice.

### III.

For the foregoing reasons, the district court did not err in granting the

defendants' motion to dismiss the third amended complaint for failure to state a

claim upon which relief could be granted and did not abuse its discretion in

dismissing the complaint with prejudice rather than granting the plaintiffs leave to

amend the complaint a fourth time. We therefore affirm.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## Bill of Costs

Court of Appeals Docket No. __20-12922__

JULIAN FERNAU, et al. _____   vs.   ENCHANTE BEAUTY PRODUCTS, INC., et al. _____

A Bill of Costs should only be filed when the Clerk's Office has advised a party that the party is entitled to costs. FRAP 39 and 11th Cir. R. 39-1 govern costs taxable in this court and the time for filing the Bill of Costs. A motion for leave to file out of time is required for a Bill of Costs not timely received.

### INSTRUCTIONS

The appellate docketing fee is set in the fee schedule issued pursuant to 28 U.S.C. § 1913. However, the $5 fee for filing a notice of appeal is recoverable as a cost in the district court. In the grid below, multiply the number of original pages of each document by the total number of documents reproduced to calculate the total number of copies reproduced. Multiply this number by the cost per copy ( $.15 per copy for "In-House", up to $.25 per copy for commercial reproduction, supported by receipts) showing the product as costs requested.

| | Repro. Method (Mark One) | | No. of Original Pages | Total No. Documents Reproduced | Total No. of Copies | COSTS REQUESTED | CT. USE ONLY COSTS ALLOWED |
|---|---|---|---|---|---|---|---|
| | In-House | Comm* | | | | | |
| Appellate Docketing Fee | — | — | — | | | | |
| Appellant's Brief | | | | | | | |
| Appendix | | | | | | | |
| Appellee's Brief | X | | 64 | 9 | 576 | $86.40 | $86.40 |
| Reply Brief | | | | | | | |
| Appellee's Supplemental Appendix | X | | 467 | 4 | 1868 | $280.20 | $280.20 |
| | | | | | | | |
| *Note: If reproduction was done commercially, receipt(s) must be attached. | | | | | TOTAL | $366.60 REQUESTED | $ $366.60 ALLOWED |

I hereby swear or affirm that the costs claimed were actually and necessarily incurred in this appeal and that I have served this Bill of Costs on counsel/parties of record.

Signature: _____

Attorney Name: __Stephanie A. Casey__
(Type or print your name)

E-mail: __scasey@colson.com__

Date Signed: __03/22/2021__

Attorney for: __Enchante Beauty Products, Inc.__
(Type or print name of client)

Phone: __305-476-7400__

Street Address/City/State/Zip: __Colson Hicks Eidson, 255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134__

### FOR COURT USE ONLY

Costs are hereby taxed in the amount of $ __366.60__ against __appellants__

and are payable directly to __appellee__

David J. Smith, Clerk of Court

Issued on: ___ _____   By: __/s/ Sharon Fort__   DATE: __03/30/2021__
Deputy Clerk

BOC Rev.: 6/17