UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-20866-SCOLA/MCALILEY

JULIAN FERNAU, FERNANDO
MATEU and MARIA DOLORES
DE LUCAS,

    Plaintiffs,

v.

ENCHANTE BEAUTY PRODUCTS,
INC., RAUL LAMUS and MARIA
FERNANDA REY,

    Defendants.
_____/

**OMNIBUS REPORT AND RECOMMENDATION ON**
**DEFENDANTS' MOTIONS FOR SUPPLEMENTAL**
**AND APPELLATE ATTORNEYS' FEES**

Pending before the Court are Defendants Enchante Beauty Products, Inc. ("Enchante"), Raul Lamus ("Lamus") and Maria Fernanda Rey's ("Rey") Motions for Supplemental Attorneys' Fees and Appellate Attorneys' Fees. (ECF Nos. 200, 210). The Motions have been fully briefed (ECF Nos. 204, 205, 210), and the Honorable Robert N. Scola, Jr. referred them to me for a report and recommendation. (ECF Nos. 201, 211).

After careful review of the parties' legal memoranda, the record in this case and the applicable law, for the reasons that follow I recommend that the Court grant Defendants' Motion for Supplemental Attorneys' Fees, (ECF No. 200), and grant in part Defendants' Motion for Appellate Attorneys' Fees, (ECF No. 210).

1

## I. BACKGROUND

Plaintiffs filed this action against Defendants, alleging violations of state and federal securities fraud laws and the Florida Racketeer Influenced and Corrupt Organizations ("RICO") Act. *See* (ECF Nos. 1, 20, 106, 138). Specifically, Plaintiffs alleged that Lamus defrauded Julian Fernau into investing $62,500 in Enchante and that Lamus and Rey defrauded Fernando Mateu and Maria Dolores De Lucas into investing $106,000 in Enchante. (*Id.*).

In May 2020, after several amendments to the Complaint, the Court dismissed with prejudice Plaintiffs' Third Amended Complaint, for failure to state a claim. (ECF No. 161). Plaintiffs appealed that Order to the United States Court of Appeals for the Eleventh Circuit, and the Eleventh Circuit affirmed. (ECF No. 199).

While the appeal was pending, Defendants sought an award of trial attorneys' fees incurred from the inception of this case through September 2, 2020, under both the Florida Securities Act, Fla. Stat. § 517.211(6), and Florida's Civil Remedies for Criminal Practices Act, Fla. Stat. § 772.104(3). (ECF No. 190). Judge Scola referred the matter to me, and I found Defendants were entitled to recover their reasonable attorneys' fees under both statutes and recommended that the Court grant in part Defendants' Motion with a reduction to the total amount sought.[1] (ECF No. 196). Judge Scola adopted my Report and

---

[1] Specifically, under Fla. Stat. § 517.211(6), I concluded that Rey was entitled to recover all of her attorneys' fees incurred in connection with the fraud claims, but that Enchante and Lamus were entitled to recover only those fees for defending the fraud claims asserted in the Third Amended Complaint. (ECF No. 196). Under Fla. Stat. § 772.104(3), I concluded that all Defendants were entitled to recover attorneys' fees incurred in defending the RICO claim. (*Id.*).

Recommendation over Plaintiffs' objections and ordered that Defendants recover from Plaintiffs the total sum of $127,882.50 in reasonable attorneys' fees. (ECF No. 198).

Defendants now seek supplemental attorneys' fees for litigating the recovery of trial attorneys' fees and other work, from September 9, 2020 through April 6, 2021, for a total amount of $11,650.00. (ECF No. 200). Defendants also seek $46,612.50 of attorney's fees they incurred defending Plaintiffs' appeal of the Court's Order dismissing with prejudice the Third Amended Complaint. (ECF No. 210).

## II.   ANALYSIS

### A.   Entitlement

The legal basis for Defendants' entitlement to recover supplemental and appellate attorneys' fees from Plaintiffs – Fla. Stat. §§ 517.211(6) and 772.104(3) – is the same as the basis for Defendants' entitlement to recover its trial attorneys' fees as before. Plaintiffs present no new argument opposing Defendants' entitlement to supplemental and appellate attorneys' fees and only seek to preserve their earlier objection regarding entitlement. (ECF Nos. 204 ¶ 2, 210 at 83). Over Defendants' objection, *see* (ECF No. 205), I find that Plaintiffs preserved their objection regarding entitlement to fees because they incorporated it by reference in their oppositions to Defendants' Motions for Supplemental and Appellate Attorneys' Fees. *See* (ECF Nos. 204 ¶ 2, 210 at 83).

My earlier Report and Recommendation set forth my reasoning why I concluded that Defendants were entitled to recover attorneys' fees. (ECF No. 196). That analysis applies equally here, and I adopt it by reference. For the reasons stated in my previous

Report and Recommendation, (*id.*), I conclude that Defendants are entitled to an award of supplemental and appellate attorneys' fees under Fla. Stat. §§ 517.211(6) and 772.104(3).

### B. Amount

"A party seeking to recover attorneys' fees bears the burden of providing specific and detailed evidence so that a determination can be made of the necessity of the action and the reasonableness of the time claimed for the action." *Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV, 2011 WL 9364952, at *14 (S.D. Fla. July 15, 2011) (citing *ACLU of Ga. v. Barnes*, 168 F.3d 423, 432-33 (11th Cir. 1999)). Defendants properly support their requests with time records that reflect the work their attorneys and paralegal performed, and supporting affidavits attesting to the reasonableness of the fees requested. (ECF Nos. 200-1, 200-2, 210 at 22-76).

"The first step in computing a reasonable fee is to determine the lodestar, which is the product of the number of hours reasonably worked by a lawyer and a reasonable hourly rate." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000) (citation omitted).

The reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997) (citation omitted). The Court may use its own knowledge and experience in determining the reasonableness of attorneys' fees. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted).

As with Defendants' previous Motion for Attorneys' Fees, (ECF No. 190), Plaintiffs do not object to the reasonableness of the hourly rates that Defendants' counsel seeks. *See* (ECF Nos. 204, 210 at 77-87). Those rates are as follows:

- $475 for Alaina Fotiu-Wojtowicz, Esq. of Brodksy Fotiu-Wojtowicz ("BFW")
- $150 for Heather Shatzel (senior paralegal) of BFW
- $475 for Stephanie Casey, Esq. of Colson Hicks
- $475 for William Allen Bonner, Esq. of Colson Hicks
- $300 for Sabrina Saieh, Esq. of Colson Hicks

I again note those rates are high, but given Plaintiffs' previous concession that an hourly rate of $475 is reasonable, *see* (ECF No. 194-4 at 2-3), and Plaintiffs' non-objection here, I recommend that the Court award counsel the hourly rates requested.

I next turn to the number of hours and total amounts Defendants seek in each Motion.

### 1. Supplemental Attorneys' Fees

The breakdown of the total amount of $11,650.00 for supplemental attorneys' fees is as follows: (i) $9,940.00 for 23.8 hours of BFW's representation of Lamus and Rey and (ii) $1,710.00 for 3.6 hours of Colson Hicks' representation of Enchante. (ECF No. 200 at 6-7). Plaintiffs do not object to any of Defendants' time entries. (ECF No. 204 ¶ 2).

I have reviewed the timesheets that Defendants' counsel submitted and find that the number of hours sought is reasonable. Accordingly, I conclude: (i) for BFW, Ms. Fotiu-Wojtowicz reasonably devoted 19.6 hours totaling $9,310.00 and Ms. Shatzel reasonably devoted 4.2 hours totaling $630.00, and (ii) for Colson Hicks, Ms. Casey reasonably

devoted 3.6 hours totaling $1,710.00. I therefore recommend that the Court award Defendants a total of **$11,650.00** in reasonable supplemental attorneys' fees, comprised of **$9,940.00** for work performed by BFW and **$1,710.00** for work performed by Colson Hicks.

### 2. Appellate Attorneys' Fees

The breakdown of the total amount of $46,612.50 for appellate attorneys' fees is as follows: (i) $17,527.50 for 36.9 hours of BFW's representation of Lamus and Rey, with an additional $3,000.00 for work that counsel "estimate[s]" Defendants would incur for "drafting the Reply in support of the [Motion] and obtaining a ruling on this [Motion]" and (ii) $24,085.00 for 53.1 hours of Colson Hicks' representation of Enchante, with an additional $2,000.00 for work that counsel "estimate[s]" Defendants would incur for the same reason of obtaining a ruling on the Motion. (ECF No. 210 at 17, 26-27 ¶¶ 13-15; 49-50 ¶¶ 14-16).

Plaintiffs do not object to Defendants' specific time entries. (ECF No. 210 at 82 ¶ 3). Plaintiffs do, however, object to the estimated $5,000 of work for drafting the Reply and obtaining a ruling on this pending Motion, because it is speculative. (*Id.*). Defendants' counsels' statements in affidavits that provide an "estimate" for future expenses is insufficient to meet Defendants' burden to provide "specific and detailed evidence" so the Court may determine the reasonableness of the time claimed. *See* (ECF No. 210 at 27 ¶ 14, 50 ¶ 15); *Hermosilla*, 2011 WL 9364952, at *14 (citation omitted). Additionally, Defendants filed a Reply, (ECF No. 210 at 88-98), and therefore had an opportunity to provide billing records that accurately reflect the work performed drafting the Reply.

Defendants could have asked the Court for permission to supplement their request for appellate attorneys' fees with those records, after conferring with Plaintiffs' counsel. Defendants failed to do so. Thus, I find their estimation of time totaling $5,000 is not compensable.

I have reviewed the timesheets that Defendants' counsel submitted and find that, other than the reduction specified above, the number of hours sought is reasonable. Accordingly, I conclude: (i) for BFW, Ms. Fotiu-Wojtowicz reasonably devoted 36.9 hours totaling $17,527.50 and (ii) for Colson Hicks, Ms. Casey reasonably devoted 41 hours totaling $19,475.00, Mr. Bonner reasonably devoted 5.6 hours totaling $2,660.00 and Ms. Saieh reasonably devoted 6.5 hours totaling $1,950.00. I therefore recommend that the Court award Defendants a total of **$41,612.50** in reasonable appellate attorneys' fees, comprised of **$17,527.50** for work performed by BFW and **$24,085.00** for work performed by Colson Hicks.

## III.   RECOMMENDATION

I RESPECTFULLY RECOMMEND that the Court **GRANT** Defendants' Motion for Supplemental Attorneys' Fees, (ECF No. 200), and award Defendants $11,650.00 in reasonable supplemental attorneys' fees. I FURTHER RECOMMEND that the Court **GRANT IN PART** Defendants' Motion for Appellate Attorneys' Fees, (ECF No. 210), and award Defendants $41,612.50 in reasonable appellate attorneys' fees.[2]

---

[2] Defendants ask the Court to enter the appellate attorneys' fee award jointly and severally against all Plaintiffs and in favor of Lamus only. Defendants advise that Lamus alone is responsible for all fees incurred by Defendants in the appeal, (ECF No. 210 at 18), and this supports entry of a judgment in Lamus' favor only. I do not offer an opinion however, about Defendants' request that

## IV.     OBJECTIONS

**No later than fourteen days from the date of this Report and Recommendation**, the parties may file any written objections to this Report and Recommendation with the Honorable Robert N. Scola, Jr., who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY RECOMMENDED in Miami, Florida this 12th day of May 2021.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Robert N. Scola, Jr.
   Counsel of Record

---

the fee award should be imposed against all Plaintiffs jointly and severally. That matter is in dispute, it is before the presiding District Court Judge, *see* (ECF Nos. 203, 206, 212), and it has not been fully briefed in the Motions I address here.

8