United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Julian Fernau and others,  )  <br> Plaintiffs,  ) <br> ) <br> v.    ) <br> ) <br> Enchante Beauty Products, Inc.  ) <br> and others, Defendants.  ) | Civil Action No. 18-20866-Civ-Scola |

### **Order on Motion to Reconsider**

This matter is before the Court upon the Plaintiffs' motion for reconsideration of the Court's order adopting Magistrate Judge Chris M. McAliley's report and recommendation. (ECF No. 203.)

In their motion, the Plaintiffs state that their first and second objections to Magistrate Judge McAliley's order argued that it was error for the Magistrate Judge to "fail to apportion fees between each Plaintiff and each Defendant." (ECF No. 203, at 2.) The Court affirmed the Magistrate Judge's order, but the Plaintiffs state that Court failed to subdivide the fees payable by each Plaintiff to each Defendant and ask the Court to reconsider its order on that basis. Indeed, the Plaintiffs "request that this Court file its calculations in the record for purposes of appeal" and further states that such calculations are necessary to "correct clear error or prevent manifest injustice." (ECF No. 203, at 3-4.) In response, the Defendants note that the "Plaintiffs do not contest the Court's conclusions regarding Defendants' entitlement to fees" and argue that the Court correctly awarded fees jointly and severally because the facts in the case were heavily intertwined, the Plaintiffs pursued this litigation together through common counsel, their common counsel implemented a unified legal strategy, and moreover such counsel filed joint motions on their behalf throughout the litigation. (ECF No. 206, at 2.)

The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (reviewing reconsideration decision for abuse of discretion). Reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice." *See Vila v. Padron*, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). "Such problems rarely arise and the motion to reconsider should be equally rare." *See id.* (citation omitted). To obtain

reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *See id.* "[A] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.).

District Courts are given wide discretion in determining the amount of a fee award, as well as how to divide liability. *KIPU Sys. LLC v. Zencharts LLC*, No. Civ, 2021 WL 1895881, at *8 (S.D. Fla. April 6, 2021) (Torres, Mag. J.) (discussing *United States v. Patrol Servs., Inc.*, 202 F. App'x 357, 362 (11th Cir. 2006). Where plaintiffs have largely operated as a "single cohesive unit and there is no compelling reason to choose any other method to apportion fees and costs [t]hen the default rule is that joint and several liability apply where there is more than one non-prevailing party." *Id.*, at *9. Indeed, it is non-prevailing party's burden to "introduce evidence justifying apportionment and persuade the Court to do that" rather than impose fees joint and severally. *Moore v. Shands Jacksonville Med. Ctr., Inc.*, No. 3:09-cv-298-J-34PDB, 2014 WL 12652475, at *7 (M.D. Fla. April 3, 2014) (discussing *State Farm Fire & Cas. Co. v. Silver Star Health and Rehab*, 739 F.3d 579, 586 (11th Cir. 2013). Equities favoring joint and several liability include: "joint representation of the non-prevailing parties, common theories of liability or defense among the non-prevailing parties, equal cost attributions, and the unfairness of requiring the prevailing party to collect costs from several sources and bear the risk of non-payment from one or more of them" and equities favoring apportionment include: "whether the court had consolidated cases on its own initiative, whether costs can be easily disaggregated, and unequal cost attribution." *Id.*

In their briefing, the Plaintiffs themselves admit that they "elected to bring two disputes in a single proceeding based on common questions of law and fact." (ECF No. 212, at 3.) That the matters were intertwined enough to be brought in a single proceeding, by choice of the Plaintiffs, supports a joint and several fee award. Moreover, their claims were advanced by common counsel, advancing a common litigation strategy, through joint motions. On these facts, the Plaintiffs have not shown the Court why joint and several liability is inappropriate. As the balance of equities favors joint and several liability with respect to the fee award entered in favor of the Defendants, the Court finds that reconsideration of its prior decision to be largely unwarranted.

The Court does modify its prior order in one respect, however. As the Defendants note, the Court awarded $3,725.50 in fees that were charged by Rimon P.C. to Raul Lamus for fees he incurred in defending the Florida RICO claim advanced against him by Julian Fernau, who through the filing of the

Plaintiffs' first amended complaint was the only Plaintiff in this matter. Accordingly, the Court apportions $3,752.50 of the fee award to Julian Fernau, payable to Raul Lamus. The remainder in fees, $124,130.00, is payable jointly and severally by the Plaintiffs to the Defendants. Accordingly, the Court **grants in part and denies in part** the Plaintiffs' motion for reconsideration (**ECF No. 203**.)

**Done and ordered** in chambers, at Miami, Florida, on May 12, 2021.

_____
Robert N. Scola, Jr.
United States District Judge